J-A28010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOSETTE BOHANNON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JAMES M. QUAN AND QUAN'S CONSTRUCTION | |
| Appellees | No. 344 EDA 2015 |

Appeal from the Judgment Entered April 10, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 00721 March Term, 2013

BEFORE:  GANTMAN, P.J., PANELLA, J., and SHOGAN, J.

MEMORANDUM BY GANTMAN, P.J.:                   **FILED DECEMBER 11, 2015**

Appellant, Josette Bohannon, appeals from the judgment entered in the Philadelphia County Court of Common Pleas in favor of Appellees, James M. Quan and Quan's Construction, in this personal injury action.  We affirm.

On March 30, 2011, Appellee's truck struck Appellant's van in a motor vehicle accident.  Appellant filed a complaint for damages on March 6, 2013, claiming she suffered severe injuries to her neck and back as a result of the accident.  Appellee admitted full responsibility for the accident, so negligence was not a question at trial.  On July 25, 2014, Appellant filed a motion *in limine* to preclude Appellee from introducing at trial evidence of Appellant's pre-existing health conditions.  Appellant claimed in her motion that evidence of her pre-existing health conditions was irrelevant and unfairly

prejudicial to her case. Appellant had an existing diagnosis of endometriosis and interstitial cystitis, which caused her to take 360 milligrams daily of Oxycodone to treat her conditions. The court heard oral arguments on the motion *in limine* prior to the start of trial on October 27, 2014. At that time, the court denied Appellant's motion on the merits, stating evidence of Appellant's pre-existing conditions and the medication she took was relevant to damages. The case then proceeded to a jury trial. Following trial, the jury rendered a verdict in favor of Appellee on October 28, 2014.

Appellant timely filed a motion for post-trial relief on November 5, 2014, in which she sought a new trial or, in the alternative, judgment notwithstanding the verdict ("JNOV") and a trial on damages. The court denied Appellant's motion on January 21, 2015. Appellant filed a notice of appeal on January 23, 2015.[1] The court did not order a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant

---

[1] A final judgment entered during the pendency of an appeal is sufficient to perfect appellate jurisdiction. **Drum v. Shaull Equipment and Supply, Co.**, 787 A.2d 1050 (Pa.Super. 2001), *appeal denied*, 569 Pa. 693, 803 A.2d 735 (2002). Here, the court denied Appellant's post-trial motion by order entered (with Rule 236 notice ) on January 21, 2015. Appellant filed her notice of appeal on January 23, 2015, prior to entry of a final judgment. At this Court's direction, Appellant filed a *praecipe* to enter final judgment, which was entered on April 10, 2015. Although Appellant's notice of appeal was actually premature when filed, it related forward to April 10, 2015, the date final judgment was entered. **See** Pa.R.A.P. 905(a) (stating notice of appeal filed after court's determination but before entry of appealable order shall be treated as filed after such entry and on day of entry). Hence, there are no jurisdictional impediments to our review.

filed none.

Appellant raises the following issues for our review:

WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR POST-TRIAL RELIEF?

WHETHER EVIDENCE OF APPELLANT'S PRIOR UNRELATED INJURIES AND NARCOTIC USE WAS IRRELEVANT AND UNFAIRLY PREJUDICIAL AND MISLED THE JURY?

WHETHER APPELLANT IS ENTITLED TO [JNOV] AND A TRIAL ON DAMAGES?

(Appellant's Brief at 5).

In her issues combined, Appellant argues her prior injuries and narcotic pain medication use are unrelated to the injuries she suffered in the car accident. Appellant asserts she did not intend to introduce evidence of her prior pain medication use associated with her pre-accident health conditions of endometriosis and interstitial cystitis. Appellant contends Appellee introduced evidence of Appellant's prior injuries and heavy medication usage merely to harm Appellant's case. Appellant avers evidence of these injuries and medication usage was unduly prejudicial and should have been excluded under Pa.R.E. 403. Appellant maintains she raised this claim in her pre-trial motion *in limine* and preserved it for appellate review. Appellant also asserts Appellee's defense expert witness admitted Appellant's heavy narcotics usage made her more susceptible to pain from new injuries. Appellant claims the defense expert's testimony irrefutably supported her own argument that she was an "eggshell skull"

plaintiff and Appellee was responsible for even the unforeseeable damage he caused her. Appellant avers she was entitled to JNOV, because no reasonable jury could have found in favor of Appellee. Appellant concludes the trial court erred when it denied her request for a new trial without this evidence or, in the alternative, enter JNOV in her favor, with a new trial on damages. We disagree.

Initially, "[T]o preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings…" ***Thompson v. Thompson***, 963 A.2d 474, 475 (Pa.Super. 2008). Significantly:

> In this jurisdiction…one must object to errors, improprieties or irregularities at the earliest possible stage of the adjudicatory process to afford the jurist hearing the case the first occasion to remedy the wrong and possibly avoid an unnecessary appeal to complain of the matter.

***Id.*** at 476. ***See generally*** Pa.R.A.P. 302 (providing: "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal").

> Issue preservation and presentation requirements are enforced in our system of justice for principled reasons, …, as they facilitate the open, deliberate, and consistent application of governing substantive legal principles from the foundation of a case through its conclusion on appellate review. Loose shifting of positions after the entry of judgments by those challenging them disrupts the stability and predictability of the process, fostering the potential for unfairness. As well, there are substantial interests at stake on both sides of medical malpractice actions.

> Moreover, the professional handling of civil actions is essential to the administration of justice. … Similarly, we would be remiss to disregard requirements of issue preservation and presentation to alleviate consequences which may flow from attorneys' failure to remain abreast of the areas of law in which they practice.

*Anderson v. McAfoos*, 618 Pa. 478, 492-93, 57 A.3d 1141, 1149-50 (2012).

Rule 103 addresses waiver of issues raised in pre-trial motions as follows:

> **Rule 103.  Rulings on Evidence**
>
> **(a)      Preserving a Claim of Error.**  A party may claim error in a ruling to admit or exclude evidence only:
>
>  (1)    if the ruling admits evidence, a party, on the record:
>
>   (A)   makes a timely objection, motion to strike, or motion *in limine*; and
>
>   (B)   states the specific ground, unless it was apparent from the context
>
> *     *     *
>
> **(b)      Not Needing to Renew an Objection or Offer of Proof.**  Once the court rules definitively on the record—either before or at trial—a party need not renew an objection or offer of proof to preserve a claim of error for appeal.

Pa.R.E. 103.   "A motion *in limine* may preserve an objection for appeal without any need to renew the objection at trial, but only if the trial court clearly and definitively rules on the motion."  *Blumer v. Ford Motor Co.*, 20 A.3d 1222, 1232 (Pa.Super. 2011), *appeal denied*, 616 Pa. 649, 49 A.3d

441 (2012).

"[A] court's decision to grant or deny a motion *in limine* is subject to an evidentiary abuse of discretion standard of review." **Commonwealth v. Reese**, 31 A.3d 708, 715 (Pa.Super. 2011) (*en banc*). Likewise, "[W]hether evidence is admissible is a determination that rests within the sound discretion of the trial court and will not be reversed on appeal absent a showing that the court clearly abused its discretion." **Fisher v. Central Cab Co.**, 945 A.2d 215, 218 (Pa.Super. 2008).

> The term discretion imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

**Schmalz v. Manufacturers & Traders Trust Co.**, 67 A.3d 800, 802-03 (Pa.Super. 2013).

> Where the discretion exercised by the trial court is challenged on appeal, the party bringing the challenge bears a heavy burden.
>
> > When the court has come to a conclusion by the exercise of its discretion, the party complaining of it on appeal has a heavy burden; it is not sufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power. …

- 6 -

* * *

We emphasize that an abuse of discretion may not be found merely because the appellate court might have reached a different conclusion, but requires a showing of manifest unreasonableness….

*Paden v. Baker Concrete Const., Inc.*, 540 Pa. 409, 412, 658 A.2d 341, 343 (1995) (internal citations and quotation marks omitted). "[A] trial court has broad discretion with regard to the admissibility of evidence, and is not required to exclude all evidence that may be detrimental to a party's case." *Schuenemann v. Dreemz, LLC* 34 A.3d 94, 102 (Pa.Super. 2011). "To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or [unduly] prejudicial to the complaining party." *Ettinger v. Triangle-Pacific Corp.*, 799 A.2d 95, 110 (Pa.Super. 2002), *appeal denied,* 572 Pa. 742, 815 A.2d 1042 (2003). As to questions of law that arise in the context of evidentiary admissibility, however, our standard of review is *de novo* and our scope of review is plenary. *Weaver v. Lancaster Newspapers, Inc.*, 592 Pa. 458, 465, 926 A.2d 899, 903 (2007).

Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Pa.R.E. 401. Generally, all relevant evidence is admissible. Pa.R.E. 402. Evidence that might otherwise be relevant to an issue in a particular case, however, can still be incompetent and inadmissible because one or more established

rules of evidence preclude its admission. ***Id. See also Commonwealth v. Paddy***, 569 Pa. 47, 70-71, 800 A.2d 294, 308 (2002) (stating: "Evidence that is relevant may nevertheless be inadmissible if it violates a rule of competency, such as the hearsay rule"). An example of a proposed admission violating a rule of competency is found in Rule 403, which limits the admission of relevant evidence in the following manner:

> **Rule 403.** **Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons**
>
> The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.
>
> *Comment*: Pa.R.E. 403 differs from F.R.E. 403. The Federal Rule provides that relevant evidence may be excluded if its probative value is "substantially outweighed." Pa.R.E. 403 eliminates the word "substantially" to conform the text of the rule more closely to Pennsylvania law. ***See Commonwealth v. Boyle***, 498 Pa. 486, 447 A.2d 250 (1982).
>
> "Unfair prejudice" means a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially.

Pa.R.E. 403. In this balancing test of probative value and undue prejudicial effect, the question is whether the provocative or potentially misleading nature of the challenged evidence outweighs its probative value. ***Mahan v. Am-Gard, Inc.***, 841 A.2d 1052, 1057 (Pa.Super. 2003), *appeal denied*, 579 Pa. 712, 858 A.2d 110 (2004). Generally, for purposes of this test,

"prejudice means an undue tendency to suggest a decision on an improper basis. The erroneous admission of harmful or prejudicial evidence constitutes reversible error." **Braun v. Target Corp.**, 983 A.2d 752, 760 (Pa.Super. 2009), *appeal denied*, 604 Pa. 701, 987 A.2d 158 (2009). **See also Smith v. Morrison**, 47 A.3d 131, 137 (Pa.Super. 2012), *appeal denied*, 618 Pa. 690, 57 A.3d 71 (2012) (reiterating: "Unfair prejudice supporting exclusion of relevant evidence means a tendency to suggest decision on an improper basis or divert the jury's attention away from its duty of weighing the evidence impartially").

Our standard of review of a trial court's denial of a motion for JNOV is as follows:

> Whether, when reading the record in the light most favorable to the verdict winner and granting that party every favorable inference therefrom, there was sufficient competent evidence to sustain the verdict. Questions of credibility and conflicts in the evidence are for the trial court to resolve and the reviewing court should not reweigh the evidence. Absent an abuse of discretion, the trial court's determination will not be disturbed.

**Holt v. Navarro**, 932 A.2d 915, 919 (Pa.Super. 2007), *appeal denied*, 597 Pa. 717, 951 A.2d 1164 (2008). Furthermore:

> A JNOV can be entered upon two bases: (1) where the movant is entitled to judgment as a matter of law; and/or, (2) the evidence was such that no two reasonable minds could disagree that the verdict should have been rendered for the movant. When reviewing a trial court's denial of a motion for JNOV, we must consider all of the evidence admitted to decide if there was sufficient competent evidence to sustain the verdict…. Concerning any questions of law, our scope of review is plenary.

- 9 -

Concerning questions of credibility and weight accorded the evidence at trial, we will not substitute our judgment for that of the finder of fact…. A JNOV should be entered only in a clear case.

**Braun, supra** at 759.

When considering a challenge to denial of a new trial:

Our review of the trial court's denial of a new trial is limited to determining whether the trial court acted capriciously, abused its discretion, or committed an error of law that controlled the outcome of the case. In making this determination, we must consider whether, viewing the evidence in the light most favorable to the verdict winner, a new trial would produce a different verdict. Consequently, if there is any support in the record for the trial court's decision to deny a new trial, that decision must be affirmed.

**J.W.S. Delavau, Inc. v. Eastern America Transport & Warehousing, Inc.**, 810 A.2d 672, 680 (Pa.Super. 2002), *appeal denied*, 573 Pa. 704, 827 A.2d 430 (2003). A new trial is granted only where the verdict is so contrary to the evidence as to shock one's sense of justice, not where the evidence is conflicting or where the court might have reached a different conclusion on the same facts. **Lombardo v. DeLeon**, 828 A.2d 372, 374 (Pa.Super. 2003), *appeal denied*, 579 Pa. 704, 857 A.2d 679 (2004).

In the instant case, Appellant objected to the introduction at trial of her pre-existing conditions and narcotic pain medication use in her pre-trial motion *in limine*. The trial court definitively denied the motion on the merits. At trial, Appellee introduced evidence about Appellant's pre-existing health conditions, and Appellant did not object. Evidentiary Rule 103(b) did

not require Appellant to re-raise the issue at trial to preserve it for appeal, once the court had definitively ruled on her pre-trial motion. **See Blumer, supra**; **Thompson, supra**. Thus, the trial court erred in finding Appellant had waived her evidentiary claim for purposes of appeal. Instead, Appellant properly preserved the issue for appellate review.

With respect to the merits of the issue concerning the admission at trial of Appellant's prior health conditions and medication use, the court reasoned as follows:

> The evidence of Appellant's prior medication use, although prejudicial, was not *unfairly* prejudicial. Appellant's condition immediately preceding the accident in question was that she was taking large amounts of narcotic pain medication for constant daily pain to her abdomen and pelvis which rendered her totally unable to work for more than a decade and limited certain daily activities. Appellant's medical records, as well as her own testimony, show that she was taking on average 360 mgs of Oxycodone per day in the days, weeks, and months before the accident, and that the dosages remained unchanged after the accident. This testimony is critical, and it is unrebutted. If the jury were only permitted to hear that Appellant was taking roughly 360 mgs of pain medication post-accident, without knowing that she was already taking the same amount pre-accident for a chronic condition, the jury could reach the improper conclusion that Appellant was taking said medication due solely to her alleged spinal injury caused by the accident, when in fact, she was already taking the same dosages previously. Surely, such testimony would be misleading at best and disingenuous at worst. In other words, Appellant's use of pain medication was relevant to show that she was indeed pr[e]scribed the same amount of medication both before and after the accident and that her current medication usage was ongoing rather than a result of the underlying accident. This information would allow the jury to focus on the medical testimony regarding Appellant's alleged

- 11 -

> injuries and other relevant factors as the basis for its decision rather than simply drawing an improper inference that the accident solely caused Appellant's present use of pain medication.
>
> With this legal framework in mind, the admission of Appellant's prior medication use was not unfairly prejudicial insofar as it was relevant to Appellant's condition both prior to and following the accident.

(Trial Court Opinion, filed 4/10/15, at 6-7). We agree. The introduction of this evidence concerning Appellant's prior health conditions and narcotic pain medication use was not so prejudicial to Appellant's case that it would warrant exclusion and, therefore, a new trial. Appellant's contention that she is an "eggshell skull" plaintiff does not mean Appellee must pay for pre-accident conditions. Accordingly, Appellee was entitled to introduce at trial evidence of Appellant's prior ailments and use of pain medications for the purpose stated. *See Smith, supra*; *Braun, supra*; *Mahan, supra*. Due to this disposition, we conclude the trial court properly denied Appellant's post-verdict request for a new trial without this evidence. *See J.W.S. Delavau, Inc., supra*.

With respect to Appellant's challenge to the denial of JNOV, the court reasoned:

> Under Rule 227.1(b), post-trial relief may not be granted unless the basis for such relief was raised at trial by some appropriate method, and the post-trial motion expressly identifies "how the grounds were asserted in pre-trial proceedings or at trial."

In the case *sub judice*, Appellant's counsel waived his right to move for [JNOV] when he failed to move for a directed verdict or object to the verdict at the close of trial.

\* \* \*

In the case at bar, Appellant importunes this [c]ourt to grant the Motion for [JNOV] because evidence of Appellant's previous chronic pain and medication use was highly prejudicial. This [c]ourt need not further explicate its unabashed rejection of Appellant's Motion for Post-Trial Relief and subsequent brief because, after a meticulous reading of Appellant's motion and supporting documents, this [c]ourt finds absolutely no evidence that the issues Appellant's counsel presents in his Motion were preserved at trial.

(Trial Court Opinion at 4-5) (internal citations omitted). We agree Appellant waived her JNOV claim. Here, Appellant made no request for a binding jury charge or a directed verdict at the appropriate time at trial's end; and her belated request for JNOV in post-verdict motions was untimely. Thus, the court properly refused to grant Appellant's request for JNOV and a new trial on damages. **See Haan v. Wells**, 103 A.3d 60, 67 (Pa.Super. 2014) (explaining to preserve right to request JNOV post-trial, party must first request binding charge to jury or move for directed verdict at trial). Accordingly, we affirm.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/11/2015</u>