J-A24028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| JOSEPH SMITH, VERONICA FLEAGLE AND MICHAEL ORTIZ | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellants | |
| v. | |
| JUDITH KAPLOW | |
| Appellee | No. 2698 EDA 2015 |

Appeal from the Judgment Entered August 18, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): June Term, 2014, No. 3448

BEFORE:  BOWES, J., OTT, J., and SOLANO, J.

MEMORANDUM BY OTT, J.:                **FILED DECEMBER 20, 2016**

Joseph Smith, Veronica Fleagle, and Michael Ortiz (collectively "the appellants") appeal from the judgment entered August 18, 2015, in the Philadelphia County Court of Common Pleas.[1]  In this negligence action following a motor vehicle accident, the jury (1) found both Smith and Judith Kaplow, the drivers of the respective vehicles, equally liable for the accident,

---

[1] We note the appellants filed their notice of appeal from the August 11, 2015, order denying their post-trial motions.  **See** Notice of Appeal, 8/19/2015.  However, "an appeal properly lies from the entry of judgment, not from the denial of post-trial motions." **Gold v. Rosen**, 135 A.3d 1039, 1040, n.1 (Pa. Super. 2016).  In the present case, judgment was subsequently entered on the verdict on August 18, 2015.  Therefore, we will consider this appeal as properly filed after the entry of judgment. **See id.** **See also** Pa.R.A.P. 905(a)(5)..

(2) awarded Smith and his passenger, Ortiz, each $1.00 in damages, and (3) awarded no damages to Smith's other passenger, Fleagle, after determining she did not suffer a serious impairment of a bodily function. On appeal, the appellants argue the damages verdict was against the weight of the evidence, and the trial court repeatedly abused its discretion or committed an error of law in its rulings.[2] For the reasons below, we affirm.

The facts underlying the appellants' claims are aptly summarized the by trial court as follows:

> On the afternoon of September 4, 2012, Ms. Kaplow was driving home from a lunch meeting in downtown Philadelphia heading west towards the Philadelphia suburbs. Paula Cramer, Ms. Kaplow's friend, was a passenger in her car. That same afternoon, [the appellants] decided to take an afternoon drive with Smith at the wheel of his car, albeit with no particular destination in mind. At approximately 1:50 PM, both Smith and Kaplow were driving on the Benjamin Franklin Parkway at Eakins Oval, which is located at the northwest end of the Benjamin Franklin Parkway directly [in] front of the Philadelphia Museum of Art. This circular stretch of road situated between Eakins Oval and the Philadelphia Art Museum is at least four lanes wide, with various exits leading onto several thoroughfares on both the left and right, and traffic merging (and diverging) frequently in multiple directions. A tremendous downpour began as they neared Eakins Oval, which impaired visibility and caused traffic to slow down. While Smith and Kaplow were passing in front of the Art Museum/Eakins Oval, their cars sideswiped each other. Kaplow and Smith pulled their cars to the side of the road after the impact, but because it was raining so hard, Smith got out of his car and went into Kaplow's car, where the two exchanged information. Both then left the scene and drove to their respective homes. According to Smith and Fleagle, they called the police immediately after the collision; however, Smith stated

---

[2] The appellants do not challenge the jury's findings with respect to Fleagle.

that the police did not arrive at the scene and instead spoke to them over the phone. At no point during their brief post-accident interaction did Smith indicate to Kaplow that he, or either of his passengers, were injured.

Later that day, both Smith and Ortiz stated that they felt "tightness" in their backs, shoulders, and arms; and went to see Dr. Joseph Kwon, a chiropractor, for treatment that same day. The next day, Fleagle stated that she too began to experience pain in her upper and lower back, as well as shooting pains through her neck and thighs. On the advice of Smith and Ortiz, Fleagle began chiropractic treatment with Dr. Kwon as well. Dr. Kwon diagnosed all three [appellants] with back sprains and strains. He also determined that Ortiz and Fleagle were having back spasms, and that Fleagle had sprained her pelvis. During their treatment with Dr. Kwon, all three [appellants] were additionally examined by: Dr. Allen,[3] an orthopedic physician; Dr. Michelle Holding, a physiatrist; Dr. Frederick Lieberman, an orthopedic surgeon; and Dr. Joel Swartz, a neuro-radiologist. Dr. Kwon treated Smith and Fleagle through February 11, 2013, and Ortiz through June 25, 2013. [The appellants] did not receive any further medical treatment for their injuries since 2013.[4]

_____

[3] For reasons unknown, Dr. Allen's first name is not listed in the trial record.

[4] At trial, [the appellants] each testified that they did not receive any additional treatment following their respective discharges from Dr. Kwon, Dr. Holding, Dr. Levenberg, Dr. Allen, and Dr. Swartz. However, while Smith stated that he stopped receiving treatment in February 2013, Fleagle and Ortiz did not provide an exact date, rather they testified that they did not seek or receive any further medical treatment in 2014 or 2015.

Trial Court Opinion, 12/3/2015, at 2-3 (record citations omitted).

On June 25, 2014, the appellants filed a complaint against Kaplow, seeking damages for the injuries they sustained in the motor vehicle accident. Kaplow filed a timely answer and new matter in which she

asserted she was not negligent, and raised the affirmative defense of comparative negligence. She also filed a cross-claim against Smith, asserting his negligence was the sole cause of the accident. The case proceeded to a jury trial. On July 20, 2015, the jury returned a verdict, finding both Smith and Kaplow 50% negligent for the accident, and awarding Smith $1.00 in damages and Ortiz $0.00 in damages. *See* N.T., 7/20/2015, at 128. The jury also found Fleagle, who was bound by limited tort, did not suffer a serious impairment of a bodily function, and, therefore, could not recover. *See id.* at 128-129.

The trial court then stated, on the record, that the jury had initially produced a verdict sheet in which it awarded **no damages** to either Smith or Ortiz. *See* N.T., 7/20/2015, at 129. The court explained: "And I sent the verdict sheet back for you to come up with a dollar amount. You had [to] award damages." *Id.* As noted above, the jury returned with an award of $1.00 for Smith. The court then sent the jury back a second time, instructing them to "come up with a dollar amount for Mr. Ortiz." *Id.* at 130. The jury returned with an award of $1.00 for Ortiz. *See id.* at 131.

The appellants filed post-trial motions on July 30, 2015, which were denied by the trial court on August 11, 2015. The appellants then praeciped

for the entry of judgment on August 18, 2015, and, the following day, filed this timely appeal.[3]

The appellants first argue the jury's award of $1.00 in damages to both Smith and Ortiz was against the weight of the evidence. It is well-settled that "[t]he decision to grant a new trial lies within the discretion of the trial court." **Lombardo v. DeLeon**, 828 A.2d 372, 374 (Pa. Super. 2003), *appeal denied*, 857 A.2d 679 (Pa. 2004).

> In reviewing an order denying a motion for a new trial, an appellate court should not set aside a trial court's decision unless the trial court's decision was an abuse of discretion. **Catalano v. Bujak**, 537 Pa. 155, 642 A.2d 448, 450 (1994). "A new trial should be granted only where the verdict is so contrary to the evidence as to shock one's sense of justice [and not] where the evidence is conflicting [or] where the trial judge would have reached a different conclusion on the same facts." **Henery v. Shadle**, 443 Pa.Super. 331, 661 A.2d 439, 441, *allocatur denied*, 542 Pa. 670, 668 A.2d 1133 (1995).

**Davis v. Mullen**, 773 A.2d 764, 766 (Pa. 2001). Further, when reviewing a claim that the jury's verdict was inadequate, we must bear in mind the following:

> It is the province of the jury to assess the worth of all testimony presented. The jury is free to believe all, some, or none of the witness testimony presented at trial. However, the jury's verdict may be set aside if it is the product of passion, prejudice, partiality, or corruption, or if it is clear the verdict bears no

---

[3] On August 20, 2015, the trial court ordered the appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The appellants complied with the court's directive, and filed a concise statement on September 11, 2015.

reasonable relationship to the loss suffered by the plaintiff based on the uncontroverted evidence presented.

* * * *

"Uncontroverted" evidence … is evidence which is unopposed or unchallenged, not merely uncontradicted. If one party has the burden of proof, opposing counsel may strenuously controvert the evidence through cross-examination and argument; reasons not to accept the plaintiff's evidence may suffice to prevent the meeting of that burden, even without affirmative countervailing evidence.

*Carroll v. Avallone*, 939 A.2d 872, 874 (Pa. 2007) (citations omitted).

Indeed, the Supreme Court has made clear that "when a jury's verdict has no basis in the uncontroverted evidence offered at trial so as to be grossly inadequate that verdict should be vacated." *Kiser v. Schulte*, 648 A.2d 1, 7 (Pa. 1994).

In the present case, the appellants contend they presented uncontroverted evidence of injuries suffered by Smith and Ortiz in the motor vehicle accident. *See* Appellants' Brief at 24. Specifically, they assert:

Smith suffered a strain and sprain injury to his neck and his back, had medical care and treatment for approximately six (6) months and did not recover until over two (2) years after the accident. … Ortiz suffered a strain and sprain injury to his neck and his back, had medical care and treatment for approximately ten (10) months and did not recover until over two (2) years after the accident.

*Id.* at 24-25. The appellants argue the jury award of $1.00 each "bears no reasonable relation to the harm [Smith and Ortiz] suffered and shocks one's sense of justice." *Id.* at 24.

In rejecting this claim, the trial court stated:

> [T]he jury's verdict makes it crystal clear that they did not find [the a]ppellants credible and, rather, believed that the [a]ppellants[] had grossly exaggerated the nature of their injuries and how those supposed injuries impacted their lives. The jury's verdict also makes it crystal clear that they believed the chiropractic and other treatments [were] neither reasonable, nor medically necessary. These credibility determinations are the sole province of the jury and the evidence at trial clearly supported the jury's verdict. The verdict should not be overturned absent compelling circumstances, none of which are offered by [the a]ppellants.

Trial Court Opinion, 12/3/2015, at 11.

Upon our review of the record, the parties' briefs, and the relevant case law, we find no abuse of discretion on the part of the trial court in denying the appellants' motion for a new trial. First, the severity of the impact at the time of the accident was highly disputed. Smith described the accident as a "hard hit" that "shook the car up." N.T., 7/16/2015, at 39. However, Kaplow stated the impact was more like a "slight bump." N.T., 7/17/2015, at 117.

Second, Kaplow's medical experts disagreed with the appellants' experts regarding the severity of the injuries Smith and Ortiz sustained. Dr. Richard Levenberg, an orthopedic spine surgeon, examined both Smith and Ortiz on January 15, 2015, two years post-accident. Dr. Levenberg opined that Smith had suffered "[c]ervical and thoracic lumbar sprain" as a result of the accident, but that his injuries had resolved by the time of the exam.[4]

_____

[4] The appellants contend Dr. Levenberg testified that Smith and Ortiz did not recover from their injuries **until** his examination, two years post-accident. **See** Appellants' Brief at 17-18, 21. However, contrary to their

*(Footnote Continued Next Page)*

Videotaped Deposition of Richard Levenberg, M.D., 6/25/2015, at 62. Furthermore, he discounted the opinion of Dr. Michelle Holding, the appellants' expert in physical medicine and rehabilitation pain management, who performed an EMG exam[5] on both parties. Dr. Holding opined Smith suffered a "lumbosacral radiculopathy involving the bilateral, both sides, of the L5/S1 nerve root consistent with the time of his motor vehicle accident." N.T., 7/20/2015, at 45. However, Dr. Levenberg testified the EMG results were not consistent with either Smith's complaints or his MRI study. *See* Videotaped Deposition of Richard Levenberg, M.D., 6/25/2015, at 65.

With regard to Ortiz, Dr. Levenberg conceded Ortiz suffered "[s]prain and strain" as a result of the accident, which he described as "soft tissue injury only." *Id.* at 45. However, the doctor also testified Ortiz displayed "multiple" signs of "symptom exaggeration." *Id.* at 41. Dr. Levenberg explained that during his exam, he performed certain maneuvers, or "Waddell signs," which are "not intended to cause pain," so that when a patient reports pain during these maneuvers, "it's considered symptom exaggeration." *Id.* The doctor testified that Ortiz reported pain during a

_(Footnote Continued)_ ───────────────

characterization, Dr. Levenberg opined the appellants' injuries had resolved sometime before his examination. *See* Videotaped Deposition of Richard Levenberg, M.D., 6/25/2015, at 49, 62.

[5] Dr. Holding testified that an EMG examination is a "nerve conduction" study, that helps determine whether a patient has a nerve injury. N.T., 7/20/2015, at 13. By inserting a needle electrode into a muscle, the doctor can test "the integrity of the line for the nerve." *Id.* at 14.

number of these maneuvers, and Dr. Levenberg's "impression medically was [Ortiz] was exaggerating and attempting to confuse" him. *Id.* at 43.

In addition, Kaplow presented the testimony of neuroradiologist Dr. Michael Brooks. Dr. Brooks reviewed the MRI studies performed on both Smith and Ortiz, and opined that none of the studies revealed any objective evidence of cervical or lumbar disc injury. *See* Videotaped Trial Deposition of Michael Brooks, M.D., 7/1/2015, at 39-40, 53. However, Dr. Brooks did find evidence of degenerative changes, or normal "wear and tear," in both patients. *Id.* at 34, 44.

Therefore, while it was uncontroverted that the appellants suffered some type of injuries as a result of the accident, the severity of those injuries was vigorously disputed. This Court has previously explained:

> The existence of compensable pain is, "an issue of credibility and juries must believe that plaintiffs suffered pain before they compensate for that pain." *Davis*, [*supra*,] 773 A.2d at 769. A jury is not required to award a plaintiff any amount of money if it believes that the injury plaintiff has suffered in an accident is insignificant. *Majczyk v. Oesch*, 789 A.2d 717, 724. "Insignificant" means the jury could have concluded that any injury plaintiff suffered did not result in compensable pain and suffering. *Id.* at 725. While a jury may conclude that a plaintiff has suffered some painful inconvenience for a few days or weeks after the accident, it may also conclude that the discomfort was the sort of "transient rub of life for which compensation is not warranted." *Id.* at 724.

*Lombardo*, *supra*, 828 A.2d at 375. Although the *Lombardo* panel granted the plaintiffs a new trial on damages, it did so by affirming the

ruling of the trial court. *See id.* ("We conclude from our review of the evidence that the lower court did not palpably abuse its discretion in determining that a new trial limited to the issue of damages was required.").

Recently, in *Gold*, *supra*, a panel of this Court affirmed the trial court's denial of a new trial when the jury awarded no damages for the plaintiff's neck strain suffered following a motor vehicle accident, after determining the defendant was negligent and her negligence was a factual cause of the plaintiff's injury. *See Gold*, *supra*, 135 A.3d at 1041. Recognizing that "not all injuries are serious enough to warrant compensation, even though there may be some pain," the *Gold* Court found no reasons to disturb the trial court's ruling. *Id.* at 1044. The panel explained:

> This case did not involve a violent collision but rather a relatively minor accident and [the plaintiff's] subsequent subjective claims of injuries. While the jury's verdict slip indicates that it concluded [the defendant's] negligence caused some harm to [the plaintiff], it did not find such harm significant enough to warrant a monetary award, and it is within a jury's purview to make such an essential determination.

*Id.*

Similarly, in the present case, we find no basis to disturb the trial court's ruling denying the appellants a new trial. Kaplow's experts testified that neither Smith nor Ortiz displayed any objective evidence of injury. Therefore, considering the pain they suffered was based on their own subjective complaints, and resulted from a motor vehicle accident that Kaplow described as minor, the jury acted within its discretion when it

awarded only nominal damages. Accordingly, no relief is warranted on this claim.

In their second issue, the appellants argue the trial court erred or abused its discretion several times throughout the course of the trial. ***See*** Appellants' Brief at 25-26. First, they contend that, during the direct examination of both Smith and Ortiz, the court improperly "admonished [counsel] for asking leading questions even though there was no objection by the defense[.]" ***Id.*** at 26, *citing* N.T., 7/16/2015, at 50, 67.

Pennsylvania Rule of Evidence 611 allows the trial court to exercise reasonable control over the manner of presenting witnesses. Pa.R.E. 611(a). The rule also provides that "[l]eading questions should not be used on direct or redirect examination except as necessary to develop the witness's testimony." Pa.R.E. 611(c). Therefore, "[t]he allowance of leading questions lies within the discretion of the trial court and a court's tolerance **or intolerance** of leading questions will not be reversed absent an abuse of discretion." ***Katz v. St. Mary Hosp.***, 816 A.2d 1125, 1128 (Pa. Super. 2003) (emphasis supplied). In the present case, our review of the questions posed by counsel, and the court's response, reveals no abuse of discretion.[6]

---

[6] We note the appellants provided no citations to pertinent case law or rules of procedure in support of their claim. On this basis alone, we could conclude this issue is waived. ***See Rettger v. UPMC Shadyside***, 991 A.2d 915, 932 (Pa. Super. 2010), *appeal denied*, 15 A.3d 491 (Pa. 2011). Nevertheless, we will address the merits.

In both instances, counsel was clearly leading the witness, and the court simply advised him not to do so. **See** N.T., 7/16/2015, at 50, 67. The appellants are entitled to no relief.

Next, the appellants contend the trial court "repeatedly instructed the jury how to find so the [appellants] could not recover." Appellants' Brief at 26-27. In support of their claim, they cite to four passages from the court's instructions when the trial court explained to the jury that, if they found Smith was negligent and Kaplow was not negligent, Smith could not recover any damages. **See id.**, *citing* N.T., 7/20/2015, at 109, 110, 117.

When considering a challenge to the court's jury charge, our standard of review is as follows:

> [We must] "determine whether the trial court committed a clear abuse of discretion or error of law controlling the outcome of the case." It is only when "the charge as a whole is inadequate or not clear or has a tendency to mislead or confuse rather than clarify a material issue" that error in a charge will be found to be a sufficient basis for the award of a new trial.

**Pringle v. Rapaport**, 980 A.2d 159, 165 (Pa. Super. 2009) (citations omitted), *appeal denied*, 987 A.2d 162 (Pa. 2009).

Our review of the passages cited by the appellants, read in the context of the charge as a whole, reveals no error or abuse of discretion. **See** N.T., 7/20/2015, at 107-110, 116-118. As the trial court explained in its opinion:

> This Court had the task of explaining to the jury the rather complex interplay, and shifting burdens of proof of the parties, since Smith was both an Additional Defendant and Plaintiff, and Fleagle was bound by the limited tort option.

Trial Court Opinion, 12/3/2015, at 10. Furthermore, the appellants simply make a bald allegation that the court's instructions were "severely prejudicial" without explaining how they were so, or providing any citation to relevant authorities. *See Borough of Mifflinburg v. Heim*, 705 A.2d 456, 467 (Pa. Super. 1997) (finding issue waive when appellant's discussion was limited to one sentence, and included no supporting case law), *appeal denied*, 794 A.2d 359 (Pa. 1999). Accordingly, no relief is warranted on this claim.

The appellants next assert the trial court "repeatedly provided wrong and improper jury instructions" with regard to the verdict sheet, the respective burdens of proof, and the issue of comparative negligence.[7] Appellants' Brief at 27-30. They also contend the trial court erred when, in "an ex-parte, off the record, conversation with the jury," the court instructed them to resume deliberations and award Ortiz some amount of damages. *Id.* at 29. Again, we find no reversible error.

With respect to the verdict sheet, the appellants argue the trial court erred when it told the jurors their "first decision" would be to determine whether additional defendant Smith was negligent, when, in fact, "[t]he first question on the verdict sheet was 'Do you find the defendant was

---

[7] We note the appellants' brief is repetitive, and at times disjointed. We have attempted to differentiate each claim of error so that we may address them on appeal.

negligent?'" Appellants' Brief at 28. However, when we consider the charge in the context it was given, we find no error. Here, the court instructed the jury as follows:

> I like to give a description of the verdict sheet right up front. It's really a lot of common sense, and I have to read a lot of law to describe this verdict sheet, but don't make it complicated. It's simple. So the first thing you'll have to figure out is whether or not Judith Kaplow was negligent. And I'm going to read what negligence is in this context. You'll answer yes or no. Was the additional defendant, Plaintiff Joseph Smith negligent? That will be your first decision.

N.T., 7/20/2015, at 107-108. It is evident the trial court was explaining to the jury that their first decision would be to determine each party's respective negligence, or lack thereof. Only after that determination was made would the jury move on to calculate damages. This instruction tracks the verdict sheet that was provided to the jury. *See* Verdict Sheet, 7/20/2015.

The appellants also criticize the following statement by the trial court: "The parties have agreed that there was some injuries to the plaintiff, but then you have to prove actual damages." Appellants' Brief at 28, *citing* N.T., 7/20/2015, at 109. The appellants claim the court's statement "is a complete mis-characterization of the duties and responsibilities of all of the participants in the trial, most importantly, the jury" because "[t]he jury does not have to prove anything." *Id.* However, read in context, again, it is evident the trial court used the pronoun "you" generically, and meant that

the plaintiffs, *i.e.* the appellants, had to prove the damages they suffered as a result of the accident. **See** N.T., 7/20/2015, at 109.

Next, the appellants claim the trial court erroneously instructed the jury that Smith had the burden to prove his own negligence in the cross-claim. **See** Appellants' Brief at 28-29. The court stated:

> In this case the defendant has also claimed … the Defendant Kaplow has claimed that Smith is negligent. In that case, the plaintiff did have the burden of proving that Defendant Smith was negligent.

N.T., 7/20/2015, at 116. Although we agree this particular sentence is inartful, we do not find that the court improperly shifted the burden of proof to Smith. Rather, the inference in the court's wording is that Kaplow was the plaintiff in the cross-claim.

In a related argument, the appellants challenge the following instruction on comparative negligence:

> If you find that [Smith and Kaplow] were both negligent and you apportion who was more or less, and you find that Mr. Smith was more than 50 percent negligent, he still can't recover. But if you get past that, you'll be assessing damages for him, as well as the other plaintiffs in this case.

*Id.* at 117. The appellants argue this instruction is "clearly erroneous on its face" because Ortiz's damages were not contingent upon whether Smith was "fifty (50) percent negligent or less." Appellants' Brief at 30. Again, we find the appellants have mischaracterized the court's instruction. The last

sentence in the passage clearly establishes that only Smith's damages were contingent upon his own negligence.[8]

With regard to the appellants' assertion that the trial court conducted an **ex-parte, off the record**, conversation with the jury before instructing them "they had to award some damages to plaintiff Michael Ortiz,"[9] the trial court denies the allegation. **See** Trial Court Opinion, 12/3/2015, at 12. Our review of the trial transcript supports the court's recollection.

After the jury returned with a verdict awarding Smith $1.00 and Ortiz $0.00, the following exchange took place:

> THE COURT: … Is there any reason that this verdict can't be recorded as stated by the foreperson?
>
> [KAPLOW'S COUNSEL]: Can I ask if we can see the Court at sidebar?
>
> THE COURT: Yes. Take a seat folks.
>
> (Whereupon, a brief sidebar discussion held off the record.)
>
> THE COURT: Jurors, I'm sorry to have to do this, but I need you to go out and come up with a dollar amount for Mr. Ortiz. Come back with that figure when you're ready.
>
> THE CRIER: All rise as the jury exits the courtroom.

_____

[8] We note the trial court found this claim waived because the appellants' concise statement failed to identify the specific portion of the court's comparative negligence charge that they alleged was improper. See Trial Court Opinion, 12/3/2015, at 10. **See also** Statement of Matters Complained of on Appeal, 9/11/2015, at ¶ 3 ("The Court improperly instructed the jury on comparative negligence."). For that reason, we, too, could find this claim waived.

[9] Appellants' Brief at 29.

N.T., 7/20/2015, at 129-130. The jury later returned with a damages award of $1.00 for Ortiz. *See id.* at 130. Notably, counsel for the appellants did not object to the court's instruction.

Contrary to appellants' allegation, the court did not hold an off the record, *ex parte* discussion with the jury before directing them to continue their deliberations. Rather, the court instructed them, on the record, that they had to award some damages to Ortiz. More importantly, the appellants did not object when the court ordered the jury to conduct further deliberations. "A specific objection must be made to preserve a claim of objectionable jury charge." *McNeil v. Owens-Corning Fiberglas Corp.*, 680 A.2d 1145, 1149 (Pa. 1996). The appellants' failure to object waives this claim for appellate review.[10] *See id.*

Next, the appellants contend the trial court erred when, upon request, it declined to give Pennsylvania Suggested Standard Civil Jury Instruction 6.02A, "Damages in cases of undisputed negligence and injury." That instruction, now renumbered Pa. SSJI (Civ.) 7.50, provides, in relevant part:

> The parties agree that the defendant was negligent and [the parties] [medical experts] agree that the negligence caused some injury to the plaintiff. Therefore, you must answer "yes" on the Verdict/Jury Interrogatory to Question #1 and Question #2 [whether the defendant was negligent or the defendant's negligence was the "factual cause" of harm to the plaintiff].

_____

[10] We note, too, the appellants did not challenge the court's decision to send the jury back **the first time** when they returned a verdict that awarded no damages to either Smith or Ortiz. *See* N.T., 7/20/2015, at 129.

You must therefore at least award some damages for those [uncontested] [agreed-upon] injuries *[specify damages - e.g., medical bills, lost wages, pain and suffering, etc.]*

Pa.SSJI (Civ.) 7.50 (emphasis in original). The appellants argue this instruction was necessary because the parties agreed "there were injuries and there was factual ca[u]se." Appellants' Brief at 31.

The trial court, however, explained that it declined to charge the jury on Pa.SSJI (Civ.) 7.50 because that instruction "applies to damages in cases of **undisputed** negligence and injury." Trial Court Opinion, 12/3/2015, at 10 (emphasis in original). Conversely, in the present case, the court emphasized, "both liability and the extent of damages were the pivotal and hotly contested trial issues." *Id.* We agree. A simple reading of the first sentence in the instruction - "[t]he parties agree that the defendant was negligent" – reveals it is inapplicable to the case *sub judice*. Pa. SSJI (Civ.) 7.50. Accordingly, no relief is warranted on this claim.

Because we conclude the trial court neither erred or abused its discretion in denying the appellants' request for a new trial, we affirm the judgment entered by the trial court.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/20/2016