J-S31016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JAIMIE MONGI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VIRGINIA ZAVALA-GOMEZ | : | No. 1977 MDA 2019 |

Appeal from the Judgment Entered February 13, 2020
In the Court of Common Pleas of Adams County Civil Division at No(s):
2017-SU-0000785

BEFORE:  BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                **FILED SEPTEMBER 17, 2020**

Appellant, Jaime Mongi, appeals from the Judgment entered on February 13, 2020, following a jury verdict in favor of Appellee, Virginia Zavala-Gomez.  Upon review, we discern no abuse of the trial court's discretion in denying Appellant's Post-Trial Motion, in which she sought a new trial based on the weight of the evidence.  We affirm on the basis of the trial court's Opinion filed February 12, 2020.

In its Opinion, the trial court set forth the underlying facts.  *See* Trial Ct. Op., filed 2/12/20, at 2-4.  Briefly, on July 19, 2015, Appellant was involved in a minor vehicle accident with Appellee while stopped at a gas station.  Appellant had an extensive history of medical treatments for her back and knees.  Although she denied to local police that she had sustained any injury and drove her vehicle several hours home from the location of the

accident, Appellant later claimed that the accident had aggravated her pre-existing conditions.

Appellant commenced this litigation. On November 7, 2019, following a brief trial, a jury determined that Appellee had not caused Appellant's injuries.[1] Appellant timely filed a Post-Trial Motion, requesting a new trial based on the weight of the evidence. The trial court denied this Motion, noting that the evidence in Appellee's favor was overwhelming. Trial Ct. Order, 11/22/19. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement. The trial court issued a responsive Opinion.

Appellant raises the following issue:

> Whether the [h]onorable [t]rial [c]ourt erred and abused its discretion in finding that the jury's verdict was not against the weight of the evidence when it failed to discuss the relative credibility and/or weight of the evidence presented.

Appellant's Br. at 7.[2]

Appellant contends that the trial court abused its discretion in denying her request for a new trial based on the weight of the evidence. *Id.* at 12.

---

[1] Appellee had conceded her negligence; thus, the jury was charged with determining whether Appellant established causation and, if so, damages. *See* N.T. Trial, 11/7/19, at 222-23.

[2] We admonish Appellant that her Brief does not include a copy of the trial court's February 12, 2020 Opinion, which the court filed in response to her Pa.R.A.P. 1925(b) Statement. *See* Pa.R.A.P. 2111(b). This omission has somewhat hindered our review.

It is well-settled in Pennsylvania that the weight of the evidence and the credibility of witnesses are issues for the jury, who is free to believe some, all, or none of the evidence presented. **Neison v. Hines**, 653 A.2d 634, 637 (Pa. 1995). Courts will overturn a jury's credibility determinations regarding the testimony and evidence presented "only in the rarest of circumstances." **Armbruster v. Horowitz**, 744 A.2d 285, 287 (Pa. Super. 1999).[3]

In order to prevail on a challenge to the weight of the evidence, the jury's verdict must be "so contrary to the evidence as to shock one's sense of justice[.]" **Braun v. Target Corp.**, 983 A.2d 752, 760 (Pa. Super. 2009) (citation omitted). "A new trial will not be granted . . . where the evidence is conflicting and the fact-finder could have decided in favor of either party." **Lanning v. West**, 803 A.2d 753, 766 (Pa. Super. 2002) (citation omitted).

On appeal, our review of a weight claim "is a review of the trial court's exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." **Gold v. Rosen**, 135 A.3d 1039, 1041 (Pa. Super. 2016) (formatting and citation omitted). As the court presided over the trial and had an opportunity to hear and see the evidence presented, we accord "the gravest consideration" to its determination that the verdict was

---

[3] In a negligence case, for example, "[w]here there is no dispute that the defendant is negligent and both parties' medical experts agree the accident caused some injury to the plaintiff, the jury may not find the defendant's negligence was not a substantial factor in bringing about at least some of plaintiff's injuries." **Andrews v. Jackson**, 800 A.2d 959, 962 (Pa. Super. 2002) (emphasis and citation omitted) (affirming the award of a new trial, where trial court rejected the jury's finding of no causation as against the weight of the evidence).

or was not against the weight of the evidence. ***Phillips v. Lock***, 86 A.3d 906, 919 (Pa. Super. 2014) (citation omitted).

We will grant an appellant relief only "where the facts and inferences of record disclose a palpable abuse of discretion." ***Haan v. Wells***, 103 A.3d 60, 70 (Pa. Super. 2014) (citation omitted). Thus, "[o]ne of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence[.]" ***McFeeley v. Shah***, 226 A.3d 582, 594 (Pa. Super. 2020) (citation omitted).

Appellant does not develop an argument in support of the issue identified in her Statement of Questions. Rather, Appellant pursues a specific and novel legal claim that the jury's verdict was manifestly unreasonable because she presented purportedly incontrovertible evidence from a medical expert. ***See*** Appellant's Br. at 13-16. Because she did not preserve this argument in either her Post-Trial Motion or her Pa.R.A.P. 1925(b) Statement, nor is it fairly implied by her general challenge to the weight of the evidence, we deem it waived. ***See*** Pa.R.A.P. 302(a), 1925(b)(4).[4]

Following our review of the record, the briefs of the parties, the applicable law, and the trial court Opinion, we discern no abuse of the trial

---

[4] Moreover, in sole support of this argument, Appellant cites an unpublished memorandum filed by this Court. ***See*** Appellant's Br. at 13-16 (citing ***Coopey v. City of Wilkes-Barre***, 1410 MDA 2014, 1524 MDA 2014 (Pa. Super. filed Sept. 30, 2015). Appellant's reliance upon this case violates our operating procedures, which permit a party to cite non-precedential decisions filed **after** May 1, 2019, for their persuasive authority. ***See*** 210 Pa. Code § 65.37. Nevertheless, absent waiver and notwithstanding Appellant's violation of our operating procedures, the analysis in ***Coopey*** is inapposite here.

court's discretion in denying Appellant's challenge to the weight of the evidence. The Honorable Thomas R. Campbell has authored a well-reasoned Opinion, citing the record and relevant case law and concluding that the jury's verdict did not shock its sense of justice. *See* Trial Ct. Op. at 6-9 (observing, *e.g.*, that (1) the evidence supported a finding that the accident was minor; (2) Appellee effectively questioned Appellant's credibility by introducing evidence of her prior conviction for a *crimen falsi*; (3) Appellant conceded extensive pre-existing conditions and ongoing treatment, including narcotic pain-killers several times per day; (4) Appellee effectively disputed Appellant's expert opinion through cross-examination; and (5) the evidence supported a finding that Appellant's pain and physical limitations were unrelated to her accident with Appellee). Thus, no relief is due.

The parties are instructed to attach a copy of the February 12, 2020 Opinion to all future filings.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>09/17/2020</u>