**Domenico LOMBARDO, Appellee**

v.

**Barbara A. DeLEON, Appellant.**

**Stefano Lombardo and Patricia A. Lombardo, h/w, Appellees**

v.

**Barbara A. DeLeon, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 20, 2002.
Filed June 17, 2003.

John R. Brown, Philadelphia, for appellant.

Leo V. DeVito, Bethlehem, for appellees.

Before: DEL SOLE, P.J., KLEIN, and CAVANAUGH, JJ.

KLEIN, J.:

¶ 1 This is an appeal from an order granting a new trial, limited to damages, after a jury returned a verdict awarding no damages to the plaintiffs-appellees.

The lower court found that its conscience was shocked by the award of zero damages where the parties had stipulated that the defendant-appellant was negligent in causing a rear-end motor vehicle collision and where the jury determined that the injuries sustained were substantially caused by that negligence. We affirm in part and reverse in part. We agree with the trial court that there were soft tissue injuries that were compensable. However, we limit the new trial to damages for the soft tissue injuries that were undisputed. We do not permit a new trial regarding the herniated disc and other injuries that were disputed by defense experts.

¶ 2 The accident in question took place on August 27, 1998. Stefano Lombardo was driving his car with his son, Domenico, in the front passenger seat. The Lombardo vehicle was stopped at a red light behind several other vehicles when Barbara DeLeon's vehicle rear-ended the Lombardo's vehicle. Stefano Lombardo was pushed forward and backward during the collision. He sustained a bump on the top of his head. Domenico was also jostled about the car after impact. Both Lombardos were taken to an emergency room, examined, treated, and released. They then sought medical care four days later from an orthopaedist, Dr. Emil DiIorio, who referred them to a chiropractor, Dr. Kurt Brzezinski.

¶ 3 When Stefano first went to Dr. DiIorio, he complained of a stiff neck, headache and pain in his back. Stefano treated with Dr. Brzezinski periodically for a period of four months. Although Stefano, a self-employed owner of several Italian/pizza restaurants, never stopped working entirely, he modified his work schedule and duties when he was physically unable to perform certain work functions due to pain in his neck and back. Specifically, he found he could not roll out and toss pizza

dough without experiencing pain, so he attempted to refrain from this activity when there were other workers available to perform it. He limited himself to supervisory duties except for the one. or two hours during lunch when he did "hands-on" work. When he experienced periodic pain in his back or neck, he again sought a course of treatment with Dr. Brzezinski.

¶ 4 Domenico, 19 years old at the time of the accident, studied culinary arts in the United States and trained as a chef in Italy. In August 1998, he was working full-time in one of the family's restaurants before going to Italy to study for six months in January 1999. Both Domenico and his father testified that Domenico was not able to perform his pre-accident work duties as an executive chef such as prolonged chopping and mincing, picking up heavy saucepans, and moving about the kitchen with agility. Domenico continued to work in the restaurants, but primarily in supervisory and managerial positions rather than as a chef or cook.

¶ 5 The decision to grant a new trial lies within the discretion of the trial court. *Martin v. Evans*, 551 Pa. 496, 711 A.2d 458, 461 (1998). An appellate court will not reverse a trial court's decision regarding the grant or refusal of a new trial absent an abuse of discretion, *Davis v. Mullen*, 565 Pa. 386, 773 A.2d 764, 766 (2001), or an error of law. *Yacoub v. Lehigh Valley Medical Associates*, 805 A.2d 579, 586 (Pa.Super.2002) (*en banc*); *Andrews v. Jackson*, 800 A.2d 959, 962 (Pa.Super.2002). As this Court has stated:

> Because an appellate court, by its nature, stands on a different plane than a trial court, we are not empowered to merely substitute our opinion concerning the weight of the evidence for that of the trial judge. Instead, the focus of appellate review is on whether the trial judge has palpably abused his discretion, as

opposed to whether the appellate court can find support in the record for the jury's verdict.

*Zeffiro v. Gillen*, 788 A.2d 1009, 1012 (Pa.Super.2001) (citations omitted).

¶ 6 The trial court should grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice and not where the evidence is conflicting or where the trial judge would have reached a different conclusion on the same facts. *Davis*, 773 A.2d at 766.

¶ 7 This court has recently surveyed the law pertaining to zero-damage awards as follows:

> Where there is no dispute that the defendant is negligent and both parties' medical experts agree the accident caused some injury to the plaintiff, the jury may not find the defendant's negligence was not a substantial factor in bringing about at least **some** of plaintiff's injuries. Such a verdict is contrary to the weight of the evidence adduced at trial. In other words, "a jury is entitled to reject any and all evidence up until the point at which the verdict is so disproportionate to the uncontested evidence as to defy common sense and logic."

> \*       \*       \*       \*       \*       \*

> [W]e conclude the jury must find the accident was a substantial cause of at least some injury, where both parties' medical experts agree the accident caused some injury. While the jury may then find the injuries caused by the accident were incidental or non-compensable and deny damages on that basis, the jury may not simply find the accident did not "cause" an injury, where both parties' medical experts have testified to the contrary.

*Andrews, supra* at 962, 964 (citations omitted) (emphasis in original).

■ ¶ 8 Here the jury did not disregard uncontradicted medical testimony. It found that the injuries sustained were caused by the negligence of appellee. After finding that the injuries were caused by the accident, the jury found that they were non-compensable, and it denied the award of damages. The issue here is whether the jury's verdict, finding that any pain and suffering related to the injuries was not compensable should have been upheld by the lower court.

■ ¶ 9 The existence of compensable pain is, "an issue of credibility and juries must believe that plaintiffs suffered pain before they compensate for that pain." *Davis,* 773 A.2d at 769. A jury is not required to award a plaintiff any amount of money if it believes that the injury plaintiff has suffered in an accident is insignificant. *Majczyk v. Oesch,* 789 A.2d 717, 724. "Insignificant" means the jury could have concluded that any injury plaintiff suffered did not result in *compensable* pain and suffering. *Id.* at 725. While a jury may conclude that a plaintiff has suffered some painful inconvenience for a few days or weeks after the accident, it may also conclude that the discomfort was the sort of "transient rub of life for which compensation is not warranted." *Id.* at 724.

¶ 10 We conclude from our review of the evidence that the lower court did not palpably abuse its discretion in determining that a new trial limited to the issue of damages was required. The nature and duration of the injuries sustained by the Lombardos could not be properly characterized as the sort of "transient rub of life" for which no compensation is awardable.

■ ¶ 11 While the right to a new trial on damages is not denied, the scope of that trial is at issue. The trial court granted a new trial on the damages, generally. We interpret this to mean all claims of damages, including the herniated disc. However, in light of the fact that the trial court is only offended by the failure of the jury to address the uncontested injuries and the fact that the Lombardos concede the disc injury was contested, we hold that the Lombardos are entitled to new trial on the uncontested injuries—that is soft tissue injuries—only.

¶ 12 Both the trial court and the Lombardos contrast the challenged claim of a herniated disc with the uncontested soft-tissue injuries and speak only of a new trial on the uncontested injuries, not for Domenico's herniated disc. The trial court and the Lombardos agree that Deleon successfully defended against that claim. The jury did not determine that Domenico suffered a herniated disc. The jury determined only that the Lombardos had suffered some form of injury from the accident. This inference is borne out by the fact that both the trial court and the Lombardos seek damages only for the uncontested injuries, not for the contested disc herniation.

¶ 13 The trial court clearly believed that the jury verdict with regard to the disc injury was not against the weight of the evidence as the opinion only expresses a shock to its sense of justice over the uncontested injuries. The award of zero damages for the disc injury was supported by the evidence, and did not shock the trial court. As a new trial on damages can only be awarded where the verdict shocks one's sense of justice and not where the evidence is conflicting or where the trial judge would have reached a different conclusion on the same facts, *Davis v. Mullen,* 773 A.2d at 766, the Lombardos are only entitled to a new trial as to those damages that are uncontroverted.

¶ 14 In the recently decided case, *Kennedy v. Sell,* 816 A.2d 1153 (Pa.Super.2003), we recognized the ability to distinguish between the uncontroverted evidence of injury and the challenged evidence of injury. In *Kennedy,* plaintiff argued that he was entitled to a new trial on damages at least for those injuries that went unchallenged, much as the case here. However, in *Kennedy* we also denied that relief because the claim for minor injuries had been waived when plaintiff presented an all or nothing strategy. *Id.* at 1158.

¶ 15 Both Domenico and Stefano presented claims, uncontradicted, of soft tissue injuries.[1] Domenico also presented the claim for a herniated disc. Unlike *Kennedy,* neither the opening statements nor closing arguments were transcribed. Thus, we are unable to determine whether Dominico claimed, at trial, that the injuries to him were inseparable, unlike *Kennedy,* where the argument presented to the jury was clear. Here, the claim for a new trial on damages for the soft tissue injuries only cannot be determined to have been waived.

¶ 16 In light of the foregoing, we affirm the grant of a new trial on damages for both Stafeno and Domenico Lombardo. However, we reverse the trial court to the extent that it granted a new trial encompassing all claimed damages and limit the new trial on damages as to the uncontested soft tissue injuries only.

¶ 17 Order affirmed in part, reversed in part. Remanded for a new trial in accordance with this opinion. Jurisdiction relinquished.

¶ 18 DEL SOLE, P.J., files a Concurring and Dissenting Statement.

---

**1.** While Deleon challenged the effect of the soft tissue injuries, she did not challenge the

DEL SOLE, P.J., Concurring and Dissenting.

¶ 1 While I join the Majority in affirming the trial court's order granting a new trial on damages, I would not limit that trial to the issue of soft tissue claims. Unlike the majority, I do not think we should "infer" that the previous jury found that the herniated disk was not caused by this accident. We have no way of knowing.