J-A01013-16

2016 PA Super 44

| | |
|---|---|
| FRANCES GOLD,<br><br>           Appellant<br><br>      v.<br><br>TERRI ROSEN AND S. ROSEN,<br><br>         Appellee | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA<br><br><br><br><br><br><br><br>No. 3308 EDA 2014 |

Appeal from the Judgment Entered December 22, 2014
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2007-18576

BEFORE:  LAZARUS, J., OTT, J., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.:          **FILED FEBRUARY 19, 2016**

Appellant Frances Gold (hereinafter "Gold") appeals from the December 22, 2014, judgment entered in the Court of Common Pleas of Montgomery County by the Honorable Carolyn Tornetta Carluccio after a jury awarded Gold no monetary damages in a car accident case.[1]  For the reasons set forth herein, we affirm.

---

[1] We note that Gold purports to appeal from the interlocutory order entered on November 7, 2014, denying her motion for a new trial.  To the contrary, an appeal properly lies from the entry of judgment, not from the denial of post-trial motions.  **See** Pa.R.A.P. 301(a)(1), (c), (d); **Hall v. Jackson**, 788 A.2d 390, 404 n.1 (Pa.Super. 2001).  Herein, the docket entries may have created some confusion, for the entry for an Order on November 13, 2014, indicates "this order/**judgment** was docketed and sent on November 14, 2014, pursuant to Pa.R.C.P. 236" (emphasis added). However, the Prothonotary entered a Judgment Verdict on December 22, 2014, in an amount of $0.00 and with a notation that notice had been sent pursuant to Pa.R.C.P. 236.  As such, the trial court's first order was not an appealable
*(Footnote Continued Next Page)*

---

*Former Justice specially assigned to the Superior Court.

On April 23, 2004, Gold was involved in a motor vehicle accident. As a result, Gold suffered headaches, visual difficulties, dizziness, nausea, back pain, and neck pain for which she received medical treatment and physical therapy. Gold was released from physical therapy in June of 2005. Approximately six weeks thereafter, on August 2, 2005, Gold was stopped at a red light when Appellees' vehicle driven by Appellee Terri Rosen rear-ended her.[2]

On August 1, 2007, Gold initiated suit by way of writ of summons against Appellees and on August 11, 2009, filed a complaint against Appellees claiming Rosen caused the August 2, 2005, motor vehicle accident and that she sustained injuries as a result of the accident. The matter proceeded to arbitration on August 20, 2013, and on that date the arbitrators awarded Gold $25,000 in damages. Appellees filed an appeal from the arbitration award on September 12, 2013.

_(Footnote Continued)_ ——————

order under the Pennsylvania Rules of Appellate Procedure and the Pennsylvania Rules of Civil Procedure. Since judgment properly has been entered, we will consider the merits of this appeal and have corrected the appeal paragraph accordingly. **_Bonavitacola v. Cluver_**, 619 A.2d 1363, 1366-67 (Pa.Super. 1993).

[2] Appellee S. Rosen was also named as a defendant in the underlying action. As the negligence of defendant Terri Rosen was the focus of the trial, we will refer to Rosen individually and to S. Rosen and her collectively as "Appellees" herein.

On October 21, 2014, a jury trial commenced, and at trial, the parties submitted their expert testimony to the jury through expert reports.[3] They also stipulated that Rosen had been negligent and that such negligence factually caused Gold to suffer a neck sprain/strain. Notwithstanding, Appellees contested the extent of the harm Gold had sustained to her neck and also disputed that the August 2, 2005, accident caused any of her other alleged injuries. That same day, the jury found that Rosen had been negligent and that her negligence was a factual cause of Gold's neck sprain/strain; however, it awarded Gold no monetary damages for her neck sprain/strain.

Gold timely filed a post-trial motion wherein she sought a new trial based upon a claim that the jury's verdict shocked the conscience.[4] The trial court denied the same on November 13, 2014, and Gold filed an appeal on November 17, 2014. Judgment was entered on December 22, 2014.

Gold complied with Pa.R.A.P. 1925(b), and among the issues she raised in her concise statement was the following:

_____

[3] Prior to trial, Gold had filed an election under Pa.R.C.P. 1311.1 to limit her monetary recovery to $25,000 or less. Such election permitted her to submit the reports of various experts to the jury in lieu of their live testimony at trial on the issue of damages.

[4] While Gold did not use the phrase "weight of the evidence" in her Pa.R.A.P. 1925(b) statement, her contention that the jury's verdict shocks the conscience relates to the weight of the evidence presented at trial, as she indicates in her question presented in her appellate brief.

A second error committed by Judge Carluccio consisted of denying the motion for a new trial because the jury's response to Question #3 constitutes a verdict that shocks the conscience. Question #3 states:

QUESTION THREE:
What amount of money damages, if any, do you award Plaintiff, Frances Gold, for her neck sprain and strain factually caused by the Defendant, Terri Rosen's, negligence?
Neck Sprain and strain:  ____0____

Pa.R.A.P. 1925(b) Statement at ¶ 3. In her appellate brief, Gold presents

the following issue for our review:

Did the trial court commit reversible error by denying the motion of [Appellant] for a new trial because the jury entered a verdict of $0, contrary to the weight of the evidence since both [Gold's] expert, Steven Mandell, M.D. ("Dr. Mandell") and [ ] [Rosen's] [ ] expert, Lee Harris, M.D. ("Dr. Harris") both found that damage had occurred as a result of the negligence of Rosen in operating her motor vehicle? The trial court held that the verdict was not against the weight of the evidence.[5]

_____

[5] Appellees assert Gold's appeal should be quashed for her failure to comply with Pa.R.A.P. 2154 entitled "Designation of Contents of Reproduced Record," in that she did not timely file either a designation of the contents of her reproduced record or an election to defer production of the reproduced record. Instead, Gold filed her reproduced record on August 3, 2015, the same day she filed her notice of appeal. However, Appellees did not file a separate application for relief with this Court in accordance with Pa.R.A.P. 123(a) and Pa.R.A.P. 1972. **See Commonwealth v. Sohnleitner**, 884 A.2d 307, 312-13 (Pa.Super. 2005) (this Court will not consider whether an appellant violated Pa.R.A.P. 2154 where the appellee failed to file a separate motion seeking the quashing of the appeal for a Pa.R.A.P. 2154 violation.). Moreover, while Appellees state this Court is permitted to dismiss Gold's appeal for her failure to follow the pertinent Pennsylvania Rules of Appellate Procedure, such dismissal is discretionary. Appellees do not claim to have suffered any prejudice as a result of Gold's delay in filing her reproduced record or otherwise
*(Footnote Continued Next Page)*

Appellate review of weight of the evidence claims is limited, and it is well-settled that:

> [a]ppellate review of a weight claim is a review of the [trial court's] exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*In re Estate of Smaling*, 80 A.3d 485, 490 (Pa.Super. 2013) (*en banc*) (citation omitted).

In support of her argument, Gold relies primarily upon this Court's decision in *Lombardo v. DeLeon*, 828 A.2d 372 (Pa.Super. 2003) for the proposition that where a jury recognizes an injury occurred, it must award some monetary damages. We disagree.

---

*(Footnote Continued)*

dispute the contents thereof. In fact, the contents of the reproduced record herein is comprised primarily of the notes of testimony from trial at which Gold was the only testifying witness and the expert reports read at trial, which Appellees possessed. In addition, Appellees indicate they did not oppose Gold's requests for an extension of time in which to file her brief and reproduced record in this matter, which suggests an awareness of the single issue she intended to raise on appeal. As such, we will not quash this appeal.

In **Lombardo**, the plaintiffs, a father and his nineteen-year-old son, were involved in a rear-end collision following which the father-driver was pushed forward and backward, sustained a bump on the top of his head, and was taken to the emergency room where he was treated and released. Similarly, the son was jostled about the car upon impact and was treated and released at the emergency room. Both sought medical treatment from an orthopedist for four days thereafter who referred them to a chiropractor for ongoing treatment. The pair received chiropractic care for a period of four months. Father had to modify his work duties when he was unable to perform some of the tasks necessary for a self-employed owner of several Italian/pizza restaurants due to pain in his neck and back. **Id**. at 373. Son, too, was unable to perform his pre-accident work duties as an executive chef and continued to work in his father's restaurants in supervisory or managerial positions. **Id**. at 374.

Following trial wherein the defendant admitted liability, a jury returned a verdict awarding the plaintiffs no damages. The plaintiffs appealed raising the issue of whether the trial court should have upheld the jury's verdict predicated upon its finding that any pain and suffering relating to their injuries was not compensable. A panel of this Court ultimately determined that in light of the undisputed evidence the plaintiffs had sustained compensable soft-tissue injuries, the jury's award of $0 entitled them to a new trial on damages for those undisputed injuries.

In the matter *sub judice*, the trial court, citing **Lombardo,** acknowledged that where there is no dispute a defendant was negligent and both parties' medical experts agree an accident caused the plaintiff some injury, the jury must find the defendant's negligence was a substantial factor in bringing about at least some of the plaintiff's injuries. In addition, it stressed the **Lombardo** Court, relying upon **Andrews v. Jackson**, 800 A.2d 959, 962-64 (Pa.Super. 2002), explained "the jury may then find the injuries caused by the accident were incidental or non-compensable and deny damages on that basis." Trial Court Opinion, filed June 10, 2015, at 4 (citing **Lombardo, supra** at 374). It then offered the following analysis in support of its decision to deny Gold's post-trial motion for a new trial:

> In the case at bar, the parties stipulated that [Rosen] was negligent and that [Rosen's] negligence was the factual cause of [Gold's] neck sprain and strain (*Please See*, *Verdict Sheet, Questions #1 and #2 pre-marked "Yes."*) However, the parties disagreed as to the extent of the harm to [Gold's] neck as a result of the accident. At trial, [Rosen] argued, and indeed, [Gold] conceded that [Gold] suffered a previous neck injury. Moreover, [Gold] had been released from physical therapy for the previous accident, only six (6) weeks prior to the 2005 accident. [Rosen] relied upon Dr. Harris' expert report to support her claim that any aggravation to [Gold's] neck from this accident was negligible. Defense counsel read the following portions of Dr. Harris' report to the jury.
>
> > **Review of the above medical records of Frances Gold reveals a long history of multi-focal complaints dating back to 1997, with a series of car accidents and related musculoskeletal complaints** as well as report of chronic dizziness and facial numbness. **Review of the pre and post-accident records following 08/02/05 does not reveal convincing evidence of anything more than**

**soft tissue strain and sprain, which would be expected to have resolved or returned to baseline within a few weeks to, at most, a few months of conservative management. A short course of physical therapy would be the most that would have been required as far as treatment**. All of her subsequent evaluations and treatment, including repeat MRI scans, MRA, vestibular testing and repeated courses of physical therapy for dizziness bear no causal relationship to the 08/02/05 accident, with the bulk, if not all of her post-accident complaints, actually representing preexisting symptoms. Apart from self-limited strain and strain, review of these records on Frances Gold does not reveal any additional neurological injury refereable to the 08/02/05 accident. Specifically, she did not sustain any additional cervical or lumbar disc injury or radiculopathy. Her right facial pain and numbness appears to be attributable to a vascular loop in the brain which abuts the right 5th cranial nerve which, as Dr. Mandel pointed out, is not traumatic in origin. Nor is there any traumatic exacerbation of that condition. She had longstanding preexisting dizziness, with no indication that this was exacerbated as a result of the 08/02/05 accident. There is also a strong indication of psychological disorder, with a propensity to psychogenic seizures over the years with negative EEG monitoring, with no evidence she sustained any posttraumatic exacerbation of that disorder either.

(*Dr. Harris Report of 03/20/13- Trial Exhibit D-1*) (emphasis in original).

Dr. Harris' above cited conclusion that "the pre-and post-accident records following 08/02/05 [do] not reveal convincing evidence of anything more than soft tissue strain and sprain, which would be expected to have resolved or returned to baseline within a few weeks to, at most, a few months of conservative management" provided evidence for the jury's award of no damages. In addition, [Gold's] own evidence supported a finding of de-minimis neck injury. For example, [Gold's] doctor, Dr. Mandel concluded that [Gold's] neck pain could not be attributed to the 2005 accident. Dr. Mandel claimed that [Gold's] neck pain was the result of degenerative changes.

(*Please See, Trial Exhibit P-1-Dr. Mandel's Report*) Further, [Gold's] description of the accident indicated that it was low impact. During her testimony, [Gold] answered that there was no damage to [Rosen's] car; that the police were not called to the scene; that she got out of her car to exchange information with [Rosen] without difficulty; that she drove her vehicle home right after the incident without problems; that she did not seek emergency treatment on the day in question; and that she waited seven (7) weeks after the accident before attending physical therapy. Further, the Abington Hospital medical records showed that when [Gold] sought care the day after the accident, the MRI revealed no acute/recent trauma and that [Gold] was released with no neck brace or medicine. (*Notes of Testimony 10/21/14, pgs. 60-115 and pg. 71; Exhibit D-1-Harris report referencing Abington Hospital visit day after accident; P-1-Abington Memorial Hospital Record*) Thus, the fact finder had sufficient evidence to conclude that [Gold's] neck harm was de-minimis and to decline to award damages in accordance with Lombardo, *supra*. Therefore, the trial court properly denied [Gold's] Motion for New Trial.

Trial Court Opinion, filed June 10, 2015, at 4-6 (emphasis in original).

This Court recognizes that not all injuries are serious enough to warrant compensation, even though there may be some pain. **See Van Kirk v. O'Toole**, 857 A.2d 183, 186 (Pa.Super. 2004). "The real test is whether the uncontroverted injuries are such that a conclusion that they are so minor that no compensation is warranted defies common sense and logic." **Id.** at 185. Accordingly, such conclusions are made on a case by case basis. As this court noted in **Lombardo**:

[t]he existence of compensable pain is, an issue of credibility and juries must believe that plaintiffs suffered pain before they compensate for that pain. A jury is not required to award a plaintiff any amount of money if it believes that the injury plaintiff has suffered in an accident is insignificant. "Insignificant" means the jury could have concluded that any injury plaintiff suffered did not result in *compensable* pain and suffering. While

- 9 -

> a jury may conclude that a plaintiff has suffered some painful inconvenience for a few days or weeks after the accident, it may also conclude that the discomfort was the sort of transient rub of life for which compensation is not warranted.

***Lombardo***, 828 A.2d at 375 (citations and some quotation marks omitted) (emphasis in original). In this vein, in holding that a jury's award of medical expenses without compensation for pain and suffering should not be disturbed where the trial court reasonably may have found the jury did not believe the plaintiff suffered any pain and suffering or that a preexisting condition or injury was the sole cause of any alleged pain and suffering, our Supreme Court has stated a reversal of a jury verdict on the grounds of its inadequacy is appropriate "only where the injustice of the verdict stands forth like a beacon." ***Davis v. Mullen***, 565 Pa. 386, 391, 773 A.2d 764, 766 (2001) (citation and brackets omitted).

Under the facts of this case, we discern no error in the trial court's rationale. This case did not involve a violent collision but rather a relatively minor accident and Gold's subsequent subjective claims of injuries. While the jury's verdict slip indicates that it concluded Rosen's negligence caused some harm to Gold, it did not find such harm significant enough to warrant a monetary award, and it is within a jury's purview to make such an essential determination. In light of the foregoing, we find the jury's finding was consistent with the record and the applicable law and conclude the trial court did not abuse its discretion or commit an error of law in denying Gold's post-trial motion for a new trial. As such, we affirm the judgment.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/19/2016</u>