J-A10019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NICHOLAS GOOD AND DENISE GOOD | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN WILLIAMS AND STATE FARM MUTUAL INSURANCE COMPANY | : | No. 2563 EDA 2019 |
| | : | |
| | : | |
| APPEAL OF: NICHOLAS GOOD | : | |

Appeal from the Judgment Entered July 30, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  November Term, 2017, No. 2679

BEFORE:   BOWES, J., SHOGAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SHOGAN, J.:                      **FILED:  JANUARY 25, 2021**

Appellant, Nicholas Good, appeals from the July 30, 2019 judgment

entered on a jury verdict in favor of Appellee, Kevin Williams, and Appellee's

insurer, State Farm Mutual Insurance Company.  After review, we affirm.

The relevant facts and procedural history were set forth by the trial court

as follows:

> Appellant filed a personal injury claim against Appellee
> seeking redress for injuries resulting from a motor vehicle accident
> that occurred on December 1, 2015.   Trial in this matter
> commenced on March 8, 2019 before the Honorable Karen
> Shreeves-Johns.   Prior to jury selection. Appellant formally
> withdrew the loss of consortium claim brought by [his] wife,
> Denise Good. Furthermore, Appellee conceded negligence and
> thus, the only issues at trial were causation and damages.

---

[*]  Retired Senior Judge assigned to the Superior Court.

During the jury trial, evidence was produced that Appellee rear-ended Appellant while Appellant was waiting at a stop light. The accident occurred at roughly 5:15 in the morning while it was raining heavily. N.T. 3/11/19 at 53:9 to 57:15. Appellee testified that he was pulling up to the light when his foot slipped off the brake and he "tapped the other gentleman's car". N.T. 3/12/19 at 16:6 to 16:9. Appellant produced photographs of his Toyota Tacoma pickup truck and testified that there was a dent and damage to the rear light of his truck as a result of the accident. See N.T. 3/11/19 at 77:8 to 81:21 and Trial Exhibit P1-P4. Appellee produced photographs of his Chrysler 200 passenger car and testified that there was no damage to his car as a result of this accident. N.T. 3/12/[19 ]15:12 to 16:14 and Trial Exhibit D12. Appellee further testified that he spoke to Appellant after the accident, at which time Appellant stated that he was fine. Id. at 16:18 to 16:24. There was no ambulance called to the scene and both parties were able to drive their respective cars away from the scene. N.T. 3/11/19 at 104:6[ to ]105:23.

Appellant testified that as a result of this accident, he sustained injuries to his head and lower back. N.T. 3/11/19 at 57:23 to 59:2. Appellant further testified as to the impact these injuries had on activities he enjoyed, including difficulty continuing his prior job as a tree climber and playing in his hockey league. N.T. 3/11/19 at 58:7 to 58:14, 82:4 to 84:21. Appellant further testified as to how his injuries impacted his life at home with his family, including difficulty being intimate with his wife, doing chores, going out on dates, and picking up his mildly autistic daughter. N.T. 3/11/19 at 86:8 to 90:8. While Appellant was testifying about how his injuries impacted his relationship with his daughter, Appellee objected twice on the grounds of hearsay and speculation respectively. N.T. 3/11/19 at 89:2 to 92:1. Both objections were sustained on those grounds. Id.

Appellant's wife, Denise Good, testified on his behalf. She gave testimony of the strain Appellant's injury placed on his relationship with his daughter. N.T. 3/11/19 at 137:20 to 139:13. Ms. Good also testified about how Appellant's behavior changed in their relationship. N.T. 3/11/19 at 140:2 to 143:10. Appellee raised two objections when Ms. Good began to testify as to how Appellant's injury affected her and the court sustained both objections on the grounds that the loss of consortium claim was withdrawn and thus, such testimony was irrelevant. N.T. 3/11/19 at 140:2 to 140:19, 142:3 to 143:10. However, Ms. Good was

not precluded from testifying as to the changes in Appellant's activity, behavior and moods and she proceeded to do so extensively. N.T. 3/11/19 at 137:20 to 145:11.

Appellant also produced the expert testimony of Dr. Bruce Grossinger by way of video deposition. Appellant raised two objections to Appellee's cross examination of Dr. Grossinger during voir dire. Trial Exhibit P5, Dr. Bruce Grossinger Trial Deposition Transcript at 16:19 to 24:12 (hereinafter "Grossinger Transcript"). The first objection was raised to Appellee's inquiry whether Dr. Grossinger's Pennsylvania medical license had been subject to discipline. Grossinger Transcript at 16:19 to 19:6. The second objection was raised to an identical inquiry regarding Dr. Grossinger's Delaware medical license. Grossinger Transcript at 21:11 to 24:12. Both objections were overruled on the grounds that such questioning was relevant and appropriate cross examination of the expert's qualification and credibility. N.T. 3/11/19 at 128:18 to 130:12. During Appellant's direct examination of Dr. Grossinger, Appellee objected to a line of questioning about Dr. Grossinger's opinions on the Appellee's expert, Dr. Dearoif's report. Grossinger Transcript at 86:9 to 91:20. This objection was sustained on the grounds that such testimony was outside the reasonable scope of Dr. Grossinger's expert report. N.T. 3/11/19 at 130:16 to 132:18.

At the close of all evidence, Appellant moved for a directed verdict on the issue of causation based on Dr. Dearolf's expert testimony that Appellant sustained some injury as a result of the accident. N.T. 3/12/19 at 25:4 to 51:2. The court granted a directed verdict on the issue of causation and only the issue of damages was given to the jury for deliberation. Id. The court instructed the jury that the only issue they must decide is the amount of damages, if any, to which Appellant is entitled. N.T. 3/12/19 at 87:11 to 87:22. The only question on the verdict sheet was "State the amount of damages, if any, sustained by [Appellant] as a result of the accident." Appellant objected to the inclusion of the phrase, "if any" on the verdict sheet and was overruled.[] N.T. 3/12/19 at 51:3 to 51:19.

The jury rendered a verdict on March 12, 2019, finding in favor of the Appellee by awarding the Appellant $0.00 in damages. On March 22, 2019, Appellant filed a Motion for Post Trial Relief requesting a new trial. On July 10, 2019, the court issued an Order denying Appellant's Motion for Post Trial Relief. Appellant

thereafter filed a Notice of Appeal on August 8, 2019 and timely issued the Pa.R.A.P. 1925(b) Statement of Issues Complained of on Appeal.

Trial Court Opinion, 10/7/19, at 1-4.

On appeal, Appellant presents the following issues:

1. Is Appellant entitled to a new trial on damages only pursuant to Pa.R.Civ. P. 227.1(a) due to the numerous errors and abuses of discretion during the trial, which individually and collectively warrant a new trial?

2. Did the trial court err or abuse its discretion by instructing the jury that they did not have to award any noneconomic damages for Appellant's injuries even though negligence and causation were not at issue?

3. Did the trial court err or abuse its discretion by providing a verdict sheet to the jury containing the phrase "if any" with respect to awarding noneconomic damages for Appellant's injuries even though negligence and causation were not at issue?

4. Did the trial court err or abuse its discretion by precluding Appellant from presenting the full extent of his noneconomic damages through changes in his relationships with his wife and daughter following his injuries?

5. Did the trial court err or abuse its discretion by permitting the jury to hear highly prejudicial accusations posed by Appellee to Appellant's expert witness, Dr. Bruce Grossinger, even though such information was irrelevant and misleading?

6. Did the trial court err or abuse its discretion by precluding Appellant from presenting rebuttal evidence through Appellant's expert, Dr. Bruce Grossinger?

7. Did the trial court err or abuse its discretion by not ordering a new trial as to damages only once the jury returned an award of $0.00 for noneconomic damages for Appellant's injuries even though negligence and causation were not at issue?

Appellant's Brief at 4-5.

Our standard of review of a trial court's denial of a post-trial motion for a new trial is as follows:

> The Superior Court's standard for reviewing the trial court's denial of a motion for a new trial is whether the trial court clearly and palpably abused its discretion or committed an error of law which affected the outcome of the case. We will reverse the trial court's denial of a new trial only where there is a clear abuse of discretion or an error of law which controlled the outcome of the case. The trial court abuses its discretion when it misapplies the law or when it reaches a manifestly unreasonable, biased or prejudiced result. Abuse of discretion may occur through an honest, but erroneous use of discretion. A new trial may not be granted merely because the evidence conflicts and the jury could have decided for either party.

*Rohe v. Vinson*, 158 A.3d 88, 95 (Pa. Super. 2016) (quoting *Whyte v. Robinson*, 617 A.2d 380, 382-383 (Pa. Super. 1992) (internal quotation marks and emphasis omitted)). Moreover:

> This Court recognizes that not all injuries are serious enough to warrant compensation, even though there may be some pain. *See Van Kirk v. O'Toole*, 857 A.2d 183, 186 (Pa. Super. 2004). "The real test is whether the uncontroverted injuries are such that a conclusion that they are so minor that no compensation is warranted defies common sense and logic." *Id.* at 185. Accordingly, such conclusions are made on a case by case basis. As this court noted in *Lombardo*:
>
> > the existence of compensable pain is, an issue of credibility and juries must believe that plaintiffs suffered pain before they compensate for that pain. A jury is not required to award a plaintiff any amount of money if it believes that the injury plaintiff has suffered in an accident is insignificant. "Insignificant" means the jury could have concluded that any injury plaintiff suffered did not result in compensable pain and suffering. While a jury may conclude that a plaintiff has suffered some painful inconvenience for a few days or

- 5 -

> weeks after the accident, it may also conclude that the discomfort was the sort of transient rub of life for which compensation is not warranted.
>
> ***Lombardo***, 828 A.2d at 375 (citations and some quotation marks omitted) (emphasis in original).

***Gold v. Rosen***, 135 A.3d 1039, 1044 (Pa. Super. 2016) (internal brackets omitted).

In his first issue, Appellant asserts that he is entitled to a new trial on damages pursuant to Pa.R.C.P. 227.1(a) due to numerous errors and abuses of discretion that occurred during the jury trial. This is no more than a generalized, broad-sweeping claim of error, and it is unsupported by argument, facts, or authority. Accordingly, we will not address it further. ***See Borough of Mifflinburg v. Heim***, 705 A.2d 456, 467-468 (Pa. Super. 1997) (stating that the argument portion of an appellant's brief must include pertinent discussion of the particular point raised along with citation to relevant legal authority; a bald statement that is unsupported by discussion and citation to authority precludes review of the issue) (citations omitted).

The remaining issues[1] were addressed in the trial court's thorough and comprehensive opinion that was filed on October 7, 2019, and after careful

---

[1] Appellant adds a challenge to the weight of the evidence in the argument section of his brief. Appellant's Brief at 27. This issue was not included in the statement of questions involved, and therefore, we do not address it. ***See*** Pa.R.A.P. 2116 ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). Moreover, even if Appellant had properly raised it is in his brief, we would conclude that

review, we conclude that the trial court's opinion correctly disposes of Appellant's issues on appeal. Accordingly, we affirm the judgment entered on July 30, 2019, and we do so based on the trial court's opinion which we adopt as our own.[2] The parties are directed to attach a copy of the October 7, 2019 opinion in the event of further proceedings in this matter.

Judgment affirmed.

Judge Pellegrini joins the Memorandum.

Judge Bowes files a Dissenting Memorandum.

---

the issue was waived due to Appellant's failure to include a challenge to the weight of the evidence in his Pa.R.A.P. 1925(b) statement. **See Forest Highlands Community Ass'n v. Hammer**, 879 A.2d 223, 226 (Pa. Super. 2005) (stating that any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived) (citing and applying the holding in **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998), to civil cases).

[2] As noted, Appellant averred that the trial court erred when it precluded Appellant's expert, Dr. Bruce Grossinger, from presenting rebuttal testimony to the expert report prepared by Appellee's expert, Dr. Walter Dearolf. The trial court ruled that rebuttal would go beyond the scope of Dr. Grossinger's report, and because Appellant failed to file a supplemental expert report or respond to Appellee's expert's report, Appellant could not offer rebuttal. Trial Court Opinion, 10/7/19, at 11 (citing Pa.R.C.P. 4003.5). Although we agree with the trial court's ruling, we point out that even if Dr. Grossinger would have offered rebuttal to Appellee's expert, it would have been of no moment. Rebuttal would have addressed causation, and Appellant was granted a directed verdict on causation. The only issue before the jury was damages. We agree with the trial court that the jury was free to conclude that Appellant did not sustain a compensable injury. Trial Court Opinion, 10/7/19, at 12 (citing **Gold v. Rosen**, 135 A.3d 1039, 1044 (Pa. Super. 2016)).

- 7 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/25/21</u>

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | |
|---|---|
| NICHOLAS GOOD,<br>Appellant,<br><br>v.<br><br>KEVIN WILLIAMS,<br>Appellee. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>NOVEMBER TERM 2017<br>NO. 171102679<br><br>2563 EDA 2019 |

**OPINION**

K. SHREEVES-JOHNS, J.

Appellant-Plaintiff, Nicholas Good (hereinafter "Appellant"), brought the underlying personal injury action against Appellee-Defendant, Kevin Williams (hereinafter "Appellee"), for injuries sustained in a motor vehicle accident. On March 12, 2019, following a jury trial, the jury rendered a verdict in favor of Appellee and awarded Appellant $0.00 in damages. Appellant timely filed a Motion for Post Trial Relief and this court denied that motion on July 10, 2019. This appeal followed.

## I. BACKGROUND

Appellant filed a personal injury claim against Appellee seeking redress for injuries resulting from a motor vehicle accident that occurred on December 1, 2015. Trial in this matter commenced on March 8, 2019 before the Honorable Karen Shreeves-Johns. Prior to jury selection, Appellant formally withdrew the loss of consortium claim brought by Appellant's wife, Denise Good. Furthermore, Appellee conceded negligence and thus, the only issues at trial were causation and damages.

Good Etal Vs State Farm Mutual Insurance Com-OPFLD



17110267900133

1

During the jury trial, evidence was produced that Appellee rear-ended Appellant while Appellant was waiting at a stop light. The accident occurred at roughly 5:15 in the morning while it was raining heavily. N.T. 3/11/19 at 53:9 to 57:15. Appellee testified that he was pulling up to the light when his foot slipped off the brake and he "tapped the other gentleman's car". N.T. 3/12/19 at 16:6 to 16:9. Appellant produced photographs of his Toyota Tacoma pickup truck and testified that there was a dent and damage to the rear light of his truck as a result of the accident. See N.T. 3/11/19 at 77:8 to 81:21 and Trial Exhibit P1-P4. Appellee produced photographs of his Chrysler 200 passenger car and testified that there was no damage to his car as a result of this accident. N.T. 3/12/15:12 to 16:14 and Trial Exhibit D12. Appellee further testified that he spoke to Appellant after the accident, at which time Appellant stated that he was fine. Id. at 16:18 to 16:24. There was no ambulance called to the scene and both parties were able to drive their respective cars away from the scene. N.T. 3/11/19 at 104:6105:23.

Appellant testified that as a result of this accident, he sustained injuries to his head and lower back. N.T 3/11/19 at 57:23 to 59:2. Appellant further testified as to the impact these injuries had on activities he enjoyed, including difficulty continuing his prior job as a tree climber and playing in his hockey league. N.T 3/11/19 at 58:7 to 58:14, 82:4 to 84:21. Appellant further testified as to how his injuries impacted his life at home with his family, including difficulty being intimate with his wife, doing chores, going out on dates, and picking up his mildly autistic daughter. N.T 3/11/19 at 86:8 to 90:8. While Appellant was testifying about how his injuries impacted his relationship with his daughter, Appellee objected twice on the grounds of hearsay and speculation respectively. N.T 3/11/19 at 89:2 to 92:1. Both objections were sustained on those grounds. Id.

2

Appellant's wife, Denise Good, testified on his behalf. She gave testimony of the strain Appellant's injury placed on his relationship with his daughter. N.T 3/11/19 at 137:20 to 139:13. Ms. Good also testified about how Appellant's behavior changed in their relationship. N.T 3/11/19 at 140:2 to 143:10. Appellee raised two objections when Ms. Good began to testify as to how Appellant's injury affected her and the court sustained both objections on the grounds that the loss of consortium claim was withdrawn and thus, such testimony was irrelevant. N.T 3/11/19 at 140:2 to 140:19, 142:3 to 143:10. However, Ms. Good was not precluded from testifying as to the changes in Appellant's activity, behavior and moods and she proceeded to do so extensively. N.T 3/11/19 at 137:20 to 145:11.

Appellant also produced the expert testimony of Dr. Bruce Grossinger by way of video deposition. Appellant raised two objections to Appellee's cross examination of Dr. Grossinger during voir dire. Trial Exhibit P5, Dr. Bruce Grossinger Trial Deposition Transcript at 16:19 to 24:12 (hereinafter "Grossinger Transcript"). The first objection was raised to Appellee's inquiry whether Dr. Grossinger's Pennsylvania medical license had been subject to discipline. Grossinger Transcript at 16:19 to 19:6. The second objection was raised to an identical inquiry regarding Dr. Grossinger's Delaware medical license. Grossinger Transcript at 21:11 to 24:12. Both objections were overruled on the grounds that such questioning was relevant and appropriate cross examination of the expert's qualification and credibility. N.T. 3/11/19 at 128:18 to 130:12. During Appellant's direct examination of Dr. Grossinger, Appellee objected to a line of questioning about Dr. Grossinger's opinions on the Appellee's expert, Dr. Dearolf's report. Grossinger Transcript at 86:9 to 91:20. This objection was sustained on the grounds that such testimony was outside the reasonable scope of Dr. Grossinger's expert report. N.T. 3/11/19 at 130:16 to 132:18.

3

At the close of all evidence, Appellant moved for a directed verdict on the issue of causation based on Dr. Dearolf's expert testimony that Appellant sustained some injury as a result of the accident. N.T. 3/12/19 at 25:4 to 51:2. The court granted a directed verdict on the issue of causation and only the issue of damages was given to the jury for deliberation. Id. The court instructed the jury that the only issue they must decide is the amount of damages, if any to which Appellant is entitled. N.T. 3/12/19 at 87:11 to 87:22. The only question on the verdict sheet was "State the amount of damages, if any, sustained by Plaintiff, Nicholas Good as a result of the accident." Appellant objected to the inclusion of the phrase, "if any" on the verdict sheet and was overruled. . N.T. 3/12/19 at 51:3 to 51:19.

The jury rendered a verdict on March 12, 2019, finding in favor of the Appellee by awarding the Appellant $0.00 in damages. On March 22, 2019, Appellant filed a Motion for Post Trial Relief requesting a new trial. On July 10, 2019, the court issued an Order denying Appellant's Motion for Post Trial Relief. Appellant thereafter filed a Notice of Appeal on August 8, 2019 and timely issued the Pa.R.A.P. 1925(b) Statement of Issues Complained of on Appeal.

## II. ISSUES

Appellant raises the following issues on appeal, produced verbatim[1]:

1. Whether the Honorable Trial Court erred or abused its discretion when the Plaintiff was precluded from presenting the full extent of his noneconomic damages through changes in his relationships with his wife and daughter following his injuries?
2. Whether the Honorable Trial Court erred or abused its discretion when the jury was permitted to hear highly prejudicial accusations posed by Defendant to Plaintiff's expert witness, Dr. Bruce Grossinger, even though such information was irrelevant and misleading?
3. Whether the Honorable Trial Court erred or abused its discretion when the Plaintiff was precluded from presenting rebuttal evidence through Plaintiff's expert, Dr. Bruce Grossinger?

---

[1] The issues on appeal have been renumbered to correlate with the order they are addressed in this opinion.

4

4. Whether the Honorable Trial Court erred or abused its discretion when the jury was instructed that they did not have to award any noneconomic damages for Plaintiff's injuries even though negligence and causation were not at issue.

5. Whether the Honorable Trial Court erred or abused its discretion when the jury was provided a verdict sheet containing the phrase "if any" with respect to awarding noneconomic damages for Plaintiff's injuries even though negligence and causation were not at issue?

6. Whether the Honorable Trial Court erred or abused its discretion when it did not order a new trial once the jury returned an award of $0.00 for noneconomic damages for Plaintiff's injuries even though negligence and causation were not at issue?

See Plaintiff's 1925 Statement of Matters Complained of on Appeal.

## III. DISCUSSION

### A. Legal Standard.

In Pennsylvania, after a trial, and upon the written motion of any party, a court may: (1) order a new trial as to all or any of the issues; (2) direct the entry of judgment in favor of any party; (3) remove a nonsuit; (4) affirm, modify or change the decision; or (5) enter any other appropriate order. Pa.R.C.P. 227.1(a). It is well settled that the grant or denial of a new trial rests in the discretion of the trial court. Kiser v. Schulte, 648 A.2d 1, 4 (1994); see also Mendralla v. Weaver Corp., 703 A.2d 480, 485 (Pa. Super. 1997). A trial court may only grant a new trial when the jury's verdict is so contrary to the evidence that it "shocks one's sense of justice." Kiser, 538 Pa. at 226, 648 A.2d at 4. The review of a trial court's grant or denial of a new trial is limited to whether there was an abuse of discretion or error of law. Neison v. Hines, 653 A.2d 634, 636 (1995). The court must consider the evidence in the light most favorable to the verdict winner, the verdict winner must be given the benefit of every inference of fact arising therefrom, and any conflict in the evidence must be resolved in favor of the verdict winner. Metts v. Griglak, 264 A.2d 684, 686 (Pa. 1970). The harmless error doctrine underlies every decision to grant or deny a new trial. Harman ex rel. Harman v. Borah, 756 A.2d 1116, 1122 (2000). "A new trial is not warranted

5

merely because some irregularity occurred during the trial or another trial judge would rule differently; the moving party must show prejudice resulting from the mistake." Id.

## B. Testimony of Changes in Relationship with Appellant's Wife and Daughter

Appellant's first issue on appeal contends that the court erred by precluding the Appellant from presenting the full extent of his noneconomic damages through changes in his relationships with his wife and daughter following his injuries. The court disputes Appellant's characterization of the issue as a preclusion of evidence of changes in his relationship with his wife and daughter. Appellant was free to present such evidence and did so several times throughout the trial. Appellant was only precluded from introducing such evidence in a manner that violated the Pennsylvania Rules of Evidence.

An appellate court's standard of review of a trial court's evidentiary rulings is whether the trial court abused its discretion. Dodson v. Deleo, 872 A.2d 1237, 1241 (Pa.Super.Ct. 2005). To constitute reversible error, a ruling on evidence must be shown not only to have been erroneous but harmful to the party complaining. An evidentiary ruling which did not affect the verdict will not provide a basis for disturbing the jury's judgment. Hart v. W.H. Stewart, Inc., 564 A.2d 1250, 1252 (Pa. 1989).

The first instance where an objection to evidence of Appellant's relationship with his daughter was sustained occurred during Appellant's direct examination after he was asked how his relationship with his daughter has been affected by the collision. N.T 3/11/19 at 89:2 to 92:1. Appellant responded to this question by stating "She sees a therapist for this. And actually has told a therapist—". Id. At this point, Appellee raised a hearsay objection and the court correctly sustained the objection to preclude the admission of an out of court statement offered for the

6

truth of the matter pursuant to Pa.R.E. 802. Appellant was not precluded from offering evidence about his relationship with his daughter but merely precluded from doing so in the form of hearsay.

Immediately following this, Appellant went on to say, "I think she thinks I don't like her." Appellee objected and the court sustained the objection. Shortly thereafter, the court clarified that the reason the objection was sustained was because the court believed Appellant made the statement "she doesn't like me anymore" which would have been an impermissible statement of speculation under Pa.R.E. 602. N.T 3/11/19 at 91:4 to 92:1. The court admittedly misheard Appellant's statement which led to the objection being sustained. However, this is, at best, harmless error. The jury heard many statements that convey the same sentiment as this particular statement. Just prior to this, Appellant testified that his relationship with his daughter had been affected by his injury because he could no longer pick up his daughter. N.T 3/11/19 at 88:7 to 89:20. Appellant further explained that this was significant in their relationship because his daughter is mildly autistic. Id. Therefore, she regularly wants Appellant to hold her and it was very difficult to get her to stop. Id. Furthermore, Ms. Good elaborated on how the accident affected Appellant's relationship with his daughter. Ms. Good testified that prior to the accident, Appellant would always play with their daughter and "daddy could do no wrong" in their daughter's eyes. N.T 3/11/19 at 137:20 to 139:13. However, following the accident, their daughter started to stay away from Appellant. Id. The notion that Appellant's relationship with his daughter was negatively impacted by his injuries was clearly communicated to the jury and the inclusion of one additional statement expressing the same sentiment would not have changed the verdict. Therefore, this is not reversible error and the jury's verdict should not be disturbed.

7

The final instance where an objection was sustained when presenting evidence of Appellant's relationship with his daughter occurred during Ms. Good's testimony. She stated that their daughter began to stay away from Appellant after the accident. N.T 3/11/19 at 139:3 to 139:6. She was then asked the question "Were you able to tell why?" to which Appellee objected. Id. The court correctly sustained the objection on the basis that the question was a call to speculate which is impermissible under Pa.R.E. 602. However, Ms. Good was not precluded from testifying about Appellant's relationship with their daughter and she did so throughout her testimony as cited above. N.T 3/11/19 at 137:20 to 139:13.

Similarly, Appellant was not prevented from presenting evidence of changes in his relationship with his wife, Ms. Good. Appellant testified that following the accident, he had difficulty being intimate with his wife, helping her with chores around the house and going out on dates with her. N.T 3/11/19 at 86:8 to 90:8. He was not restricted in any way from presenting such evidence nor was he instructed to refrain from presenting more information of the sort. While Ms. Good was testifying, Appellee objected on the grounds that the loss of consortium claim was withdrawn and thus, her testimony regarding her relationship with Appellant was irrelevant and confusing to the jury. N.T 3/11/19 at 140:2 to 140:19, 142:3 to 143:10. The court sustained the objection as it applied to testimony about how Appellant's injuries affected Ms. Good personally. Id. However, Ms. Good was not precluded from testifying as to the changes in Appellant's activity, behavior and moods. This is evidenced by the fact that Ms. Good freely testified about such things throughout her testimony. Ms. Good testified that Appellant has difficulty being intimate and helping around the house. N.T 3/11/19 at 137:20 to 145:11. She further testified that he's more irritable, short tempered and sluggish. Id. She also stated that their relationship isn't the same anymore because of these factors. Id.

8

At no point was Appellant precluded from presenting evidence about changes in his relationship with his wife and daughter. The objections noted above were sustained because the manner in which the evidence was presented violated the Rules of Evidence. At no point was Appellant instructed that evidence of changes in his relationship with his family could not be presented in another manner. Appellant was free to ask more questions or follow up in a different manner to elicit more details if Appellant so wished. Appellant's failure to do so cannot be attributed to the court's rulings and any assertion to the contrary is without merit.

### C. Expert Cross Examination

Appellant's second issue on appeal states that the court erred when the jury was permitted to hear highly prejudicial accusations posed by Appellee to Appellant's expert witness, Dr. Bruce Grossinger, even though such information was irrelevant and misleading. Appellant raised this objection during Appellee's cross examination of Dr. Grossinger's qualification. Specifically, the objection was raised when Dr. Grossinger was asked about disciplinary actions brought against his medical license in Pennsylvania and Delaware. Grossinger Transcript at 16:19 to 19:6, 21:11 to 24:12.

Admission of expert testimony is a matter within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. Brady v. Ballay, Thornton, Maloney Med. Assocs., Inc., 704 A.2d 1076, 1079 (Pa. Super. Ct. 1997) Only where it is evident that the trial court has misapplied the law or reached a manifestly unreasonable, biased, or prejudiced result, should the error be found reversible. Id. The scope of cross-examination is within the sound discretion of the trial court, and the trial court's exercise of discretion should not be reversed in the absence of an abuse of that discretion. Yacoub v. Lehigh Valley Med.

9

Assocs., P.C., 805 A.2d 579, 592–93 (Pa. Super. Ct. 2002) In making this determination, the trial court may consider if the evidence is relevant and not unfairly prejudicial or likely to confuse the jury. Id.

The information sought regarding disciplinary actions against Dr. Grossinger's was relevant to his qualification and credibility. Dr. Grossinger's CV, which was admitted into evidence to bolster his qualification and credibility, states that he is licensed in both Pennsylvania and Delaware. See Trial Exhibit P5. Furthermore, Appellant specifically elicited testimony that Dr. Grossinger was licensed to practice medicine in Pennsylvania during direct examination. Grossinger Transcript at 9:1 to 9:3. While Dr. Grossinger wasn't specifically asked about his license in Delaware, he spoke about his practice of medicine in Delaware when he discussed his experience and expertise. Id. at 12:1 to 12:7. Appellant presented Dr. Grossinger's licenses in Pennsylvania and Delaware as evidence of his qualification for the purpose of bolstering his credibility to the jury. Therefore, any disciplinary actions that affect his licenses are relevant to the credibility and weight that should be given to his testimony. In making the determination that disciplinary actions brought against an expert by a professional organization do not disqualify an expert from testifying, the Pennsylvania Superior Court noted that such information goes to the credibility of the expert. Haney v. Pagnanelli, 830 A.2d 978, 983 (Pa. Super. Ct. 2003). Therefore, Appellee was entitled to cross examine Dr. Grossinger on any disciplinary actions taken by either State to challenge his qualification and credibility. In response to the question, Dr. Grossinger was free to explain the circumstances and nuances of the disciplinary actions against him and he did so extensively. Such information is not misleading or confusing to the jury. Rather, it is necessary information for the jury to make a full evaluation of the weight that should be given to the expert testimony.

10

## D. Rebuttal Expert Testimony

Appellant's third issue on appeal asserts that the court erred by precluding Appellant from presenting rebuttal evidence through Appellant's expert, Dr. Bruce Grossinger. Appellant asked Dr. Grossinger if he had a response to Appellee's expert, Dr. Dearolf's report. Appellee objected to this question on the grounds that it was beyond the scope of Dr. Grossinger's original report and no supplemental report had since been filed. The court sustained the objection on those grounds.

Pennsylvania Rule of Civil Procedure 4003.5 states, in part, that an expert's "direct testimony at the trial may not be inconsistent with or go beyond the fair scope of his testimony in the discovery proceedings as set forth in his deposition, answer to an interrogatory, separate report, or supplement thereto." Pa.R.C.P. 4003.5(c). The Superior Court has stated the following regarding the application of the "fair scope" rule of expert testimony:

> "In deciding whether an expert's trial testimony is within the fair scope of his report, the accent is on the word "fair[.]" The question to be answered is whether, under the particular facts and circumstances of the case, the discrepancy between the expert's pre-trial report and his trial testimony is of a nature which would prevent the adversary from preparing a meaningful response, or which would mislead the adversary as to the nature of the response.

Brady v. Ballay, Thornton, Maloney Med. Assocs., Inc., 704 A.2d 1076, 1079 (Pa. Super. Ct. 1997).

Dr. Grossinger's expert report does not contain a response to Dr. Dearolf's report. Dr. Grossinger was free to file a supplemental report stating his response to Dr. Dearolf's report but failed to do so. Therefore, it would have been prejudicial to Appellees to allow Dr. Grossinger to testify to his response to Dr. Dearolf's expert report. Appellees had no notice of Dr. Grossinger's assessment of Dr. Dearolf's findings and thus, had no time or opportunity to prepare a meaningful response. Appellees had no opportunity to allow Dr. Dearolf to respond or properly

11

prepare for cross examination of Dr. Grossinger's previously undisclosed response. Therefore, Dr. Grossinger's response to Dr. Dearolf's report was properly precluded to prevent prejudice to Appellee.

### E. Non-Economic Damages

Appellant's fourth issue on appeal asserts that the court erred when the jury was instructed that they did not have to award any noneconomic damages for Appellant's injuries even though negligence and causation were not at issue. Appellant's fifth issue on appeal states that the court erred when the jury was provided a verdict sheet containing the phrase "if any" with respect to awarding noneconomic damages for Appellant's injuries even though negligence and causation were not at issue. Appellant's final issue on appeal asserts that the court erred when it did not order a new trial once the jury returned an award of $0.00 for noneconomic damages for Appellant's injuries even though negligence and causation were not at issue. Because all these assertions deal with the same underlying issue, they will be addressed together.

Even where negligence and causation are not in issue, a jury is not required to award damages. In a case where the Superior Court was called upon to make a similar determination, it noted that "[t]he existence of compensable pain is, an issue of credibility and juries must believe that plaintiffs suffered pain before they compensate for that pain. A jury is not required to award a plaintiff any amount of money if it believes that the injury plaintiff has suffered in an accident is insignificant." Gold v. Rosen, 135 A.3d 1039, 1044 (Pa. Super. Ct. 2016) quoting Lombardo v. DeLeon, 828 A.2d 372, 375 (Pa. Super. Ct. 2003) (internal citations omitted). In further explanation, the Superior Court defined an insignificant injury as one in which "the jury could have concluded that any injury plaintiff suffered did not result in compensable pain and

12

suffering. While a jury may conclude that a plaintiff has suffered some painful inconvenience for a few days or weeks after the accident, it may also conclude that the discomfort was the sort of transient rub of life for which compensation is not warranted." Id. (internal quotations omitted). "The real test is whether the uncontroverted injuries are such that a conclusion that they are so minor that no compensation is warranted defies common sense and logic. Accordingly, such conclusions are made on a case by case basis." Id. at 1044 (internal quotations omitted).

In this case, negligence was conceded prior to the start of trial. At the conclusion of all the evidence, Appellant motioned for a directed verdict on the issue of causation based on the Appellee expert, Dr. Dearolf's testimony that he believes Appellant sustained "trauma causing obviously his vertigo and headaches that he had, and he developed low back pain as a result of the injury with sciatic symptoms, but I feel that they had resolved with treatment." Trial Exhibit D13, Dr. Walter Dearolf's Trial Deposition Transcript at 53:18 to 54:11(hereinafter "Dearolf Transcript"). The court granted the directed verdict based on Dr. Dearolf's testimony that Appellant sustained some injury and the trial proceeded on the sole issue of damages. Based on this finding, the court read that "the defense medical expert testified that the accident caused some injury to the plaintiff, Nicholas Good. However, the defense disputes the extent of the injury caused. Therefore, the only issue you must decide is the amount of damages, if any, to which the Plaintiff, Nicholas Good, is entitled." N.T. 3/12/19 at 87:15 to 87:22. The jury was sent to deliberate with a verdict sheet that contained the question "State the total amount of damages, if any, sustained by Plaintiff, Nicholas Good, as a result of the accident." After deliberation, the jury returned a verdict awarding Appellant $0.00 in damages.

The court's instruction to the jury and the inclusion of the phrase, "if any" on the verdict sheet were proper because the jury was not required to find compensable injury. As the Superior

13

Court has repeatedly noted. the issue of compensable injury is an issue of credibility for the jury to determine. In this case, there was plenty of evidence for the jury to determine that the uncontested injuries were so minor that no compensation was warranted. There was testimony that the parties were involved in a relatively minor accident on rainy morning in December. Appellee testified that when he pulled up to the light. his foot slipped and he "tapped the other gentleman's car". N.T. 3/12/19 at 16:5 to 16:9. Furthermore, Appellee testified that he spoke to Appellant after the accident, at which time Appellant stated that he was fine. Id. at 16:18 to 16:24. Appellant was driving a Toyota Tacoma pickup truck and photographs of the truck show what could be characterized as minor damage. See N.T. 3/11/19 at 77:8 to 81:21 and Trial Exhibit P1-P4. Appellee was driving a Chrysler 200 passenger car which Appellant described as "a little blue car" Id. at 54:19 to 54:23. Appellee testified that there was no damage to his car and presented photographs of his car that corroborate his testimony. N.T. 3/12/19 at 17:7 to 18:6. There was no ambulance called to the scene and both parties were able to drive their respective cars away from the scene. N.T. 3/11/19 at 104:6105:23.

Dr. Dearolf's testimony only conceded that Appellant had minor injuries from the trauma which resolved in a short period of time. Dearolf Transcript at 53:18 to 54:11. Much of Dr. Dearolf's testimony stated that Appellant did not suffer any acute or permanent injury as a result of this accident. Id. at 23:24 to 40:7. Furthermore, he stated that diagnostic tests of Appellant did not show evidence of an acute injury but evidence of a continuous degenerative condition. Id. Based on this evidence, the jury could have concluded "that the discomfort was the sort of transient rub of life for which compensation is not warranted." Lombardo, 828 A.2d at 375. Therefore. it would have been improper for the court to instruct the jury that they must award damages. That determination was for the jury and the jury alone. Furthermore, the jury's

14

determination that the Appellant did not suffer any compensable injury does not "defy common sense and logic". <u>Gold</u>, 135 A.3d at 1044. The finding of the jury was reasonable based on the facts of this case and therefore. it would have been improper for the court to disturb the jury's verdict and grant a new trial.

## IV. CONCLUSION

For the aforementioned reasons, the court's orders denying Appellant's Motion for Post Trial Relief was proper. Accordingly, the order should be affirmed.

BY THE COURT:

K. SHREEVES-JOHNS

**Re:** <u>Good v. Williams</u>; 171102679; 2563 EDA 2019

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing Court Opinion upon the person(s), and in the manner indicated below:

Jessalyn Gillum, Esq.
Messa & Associates, P.C.
123 S. 22nd Street
Philadelphia, PA 19103

Type of Service:     ( ) Personal Service  (**X**) First Class Mail  ( ) Other: _____

James Godin, Esq.
Palmer & Barr, P.C.
607 Easton Rd., Suite D
Willow Grove, PA 19090

Type of Service:     ( ) Personal Service  (**X**) First Class Mail  ( ) Other: _____

**Date: October 7, 2019**

Linda George, Esq.
Law Clerk to the Hon. Karen Shreeves-Johns